# Glass *v.* Pinckard.

*Statutory Action of Detinue for Several Chattels.*

1. *Recovery of part of chattels sued for.*—In detinue, or the corresponding statutory action for the recovery of personal property in specie, the plaintiff may recover a part only of the several chattels sued for, and is not bound to recover all or none.

2. *Abstract charge.*—An abstract charge, which asserts a correct legal proposition, is no ground for reversal, unless the record shows that the jury were misled by it.

APPEAL from the City Court of Lee.

Tried before the Hon. JOHN M. CHILTON.

This action was brought by Neil Pinckard, against Samuel

[Glass v. Pinckard.]

T. Glass, to recover "the following personal property: one chesnut sorrel mule, valued at $150; about forty-five bushels of corn, valued at $45; and about one thousand pounds of fodder, valued at $15, with the value of the hire or use thereof, during the detention;" and was commenced on the 11th December, 1873. On the trial, the defendant reserved the following bill of exceptions: "The plaintiff proved the title to the property sued for to be in him, but also swore that he had made a mortgage of said property to the defendant, to secure him in certain advances and other indebtedness of plaintiff to defendant; and that he had paid all of said indebtedness except fifty dollars, and had tendered to the defendant the remainder of the fifty dollars, but after the law-day and seizure by the defendant; but said fifty dollars tendered was enough to pay all of said mortgage due at the date of said tender, and which the said defendant refused to take. The plaintiff proved, also, the defendant's posssession of the property at the commencement of the suit, and his refusal to deliver the same to the plaintiff; and the plaintiff swore, also, that the note mentioned in the mortgage was usurious, having twenty-five per cent. in the face of the note. The defendant pleaded *non detinet*, and, specially, that he held said property for an unpaid balance on said mortgage; and he introduced his mortgage, which had a power of sale and seizure in it. The debt secured by the mortgage was past due; but plaintiff swore that the same had been fully paid, except the fifty dollars tendered and refused, even without abating the usury in the face of the mortgage, which was twenty-five per cent. The mule was proved to be worth $150; the corn, $45; and the fodder, $15. This was, substantially, all the evidence in the case. The court charged the jury, among other things, that they might find for the plaintiff, for some of the property sued for, and for the defendant as to the other articles, as the proof might satisfy them that the title was with the plaintiff or with the defendant: that, in this action, the plaintiff might have the right to recover some of the articles sued for, and not the others, as the proof might show the right and title to be in the plaintiff or in the defendant. To this charge the defendant excepted," and he now assigns it as error. The jury returned a verdict for the plaintiff, for the mule only, assessing his value at $150.

H. C. LINDSEY, for appellant.—The evidence showed that the defendant had taken possession under the power contained in the mortgage, there being an unpaid balance due. A tender, after forfeiture, does not reinvest the mortgagor

with the title, so as to enable him to recover at law.—2 Hilliard on Mortgages, 480. The charge of the court was evidently based on the idea, that the equities between the parties might be adjusted in this action; which could not be done. As a part of the mortgage debt was due, the plaintiff could not recover any of the articles sued for.—7 Ala. 807; 14 Ala. 182.

W. H. Barnes, contra, cited Deshaza v. Lewis, 5 S. & P. 91; Sewell v. Henry, 9 Ala. 24; McLeod v. Powe & Smith, 12 Ala. 12; Bradley v. Andress, 30 Ala. 80.

Stone, J.—The present suit was brought to recover several chattels, under the statute providing for the recovery of personal property in specie. In such action, it is an indisputable legal proposition, that the plaintiff may have the legal right to recover some of the chattels sued for, and may not have the title and right of recovery as to other chattels described in his complaint. There is no rule of law which requires that, in such action, the plaintiff must recover all or none. The charge excepted to simply asserted this clear legal proposition; and, looking alone to its terms, we find no error in it.

2. It is contended, however, that the evidence is all set out in the bill of exceptions; that, according to it, the plaintiff's right of recovery was the same as to each chattel sued for; and that, inasmuch as he failed to recover two of the articles, while he succeeded in his suit as to one, the charge was evidently improper. The bill of exceptions does say, "This was, substantially, all the evidence in the case." It shows, however, that a mortgage was in evidence; and neither the mortgage, nor a statement of its contents, is furnished to us. In this state of the record, we can not know what were the contents of the mortgage. Its provisions, in relation to the corn and fodder, may have been entirely different from those which referred to the mule. From any thing shown to us, the charge given was abstract. But an abstract charge, which asserts a correct legal proposition, is no ground for reversal, unless it is made to appear that the jury was thereby misled.—1 Brick. Dig. 336, § 14.

Few cases could come before us, in which we would pronounce sentence of reversal, merely because a charge was abstract, if otherwise free from error. The general rule is, that where a charge is legally correct, although too general, or obscure, or ambiguous in its terms, or liable to mislead, the party objecting must seek redress through explanatory or more specific charges; and neglecting to do so, he will

[Chandler v. Jones.]

not be heard to complain in this court.—1 Brick. Dig. 336, § 10.

There is not enough in this record to enable us to affirm that the jury was misled by the charge given.

The judgment is affirmed.

*Statutory Action of Detinue for Horse.*