# Lee *v.* Green.

*Statutory Detinue for Wagon.*

1. *Promissory note as payment.*—The promissory note of the debtor himself, given for an antecedent debt, or for two or more antecedent debts, does not operate as a payment or extinguishment thereof, though it may extend the day of payment; but, if a waiver of exemptions is incorporated in the note, this makes it a better security, and it operates *prima facie* as payment; and it must have the same effect as to each of the antecedent debts for which it was given, though one of them was incurred in the purchase of property, the legal title to which was retained by the seller as security.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. JESSE M. CARMICHAEL.

W. D. ROBERTS, for the appellant.

H. L. MARTIN, *contra*, cited *Marshall v. Marshall*, 42 Ala. 149; *Keel v. Larkin*, 72 Ala. 500; 46 Ala. 299.

CLOPTON, J.—Appellee sues to recover a wagon, which he sold to J. A. Grimes, in September, 1884, for twenty-five dollars, retaining the title until the purchase-money was paid. Grimes having paid all the purchase-money except five or six dollars, in January, 1886, gave to plaintiff a note,

[Lee v. Green.]

containing a waiver of exemptions as to personal property, for the balance due, and also for a debt due for groceries, of about the same amount. At the time the note was given, nothing was said about the wagon, or about the plaintiff retaining the title until the note was paid. On these facts, if believed, the defendant requested the court to instruct the jury, that the law presumed that the note was taken in settlement of the debt.

While the decisions in different States are conflicting, it is the settled doctrine in this State, that when a debtor gives his own security, of no higher nature, for a pre-existing debt, it is considered, in the absence of an agreement, express or implied, as collateral or additional security, or a conditional payment, which does not operate an extinguishment of the original debt, but an extension of the time of payment. If not paid, the original debt is revived, and the creditor may sue thereon.—*Keel v. Larkin*, 72 Ala. 493. The same rule has been applied, when the debtor gave his own note for the aggregate amount of two separate antecedent debts.—*Marshall v. Marshall*, 42 Ala. 149.

The rule rests on the principle, that the debtor's security, of no greater dignity, such as his own note, is mere evidence of the debt, and not the debt itself, and without consideration to support it, other than the antecedent debt. The rule is different, when the new security given is more beneficial or protective to the creditor, and imposes an additional and greater burden on the debtor. The giving of a higher security is taken as payment of a simple-contract debt, unless there is a stipulation to the contrary.—2 Greenl. on Ev. § 519. The waiver of exemptions was an agreement independent of, and in addition to the original promise, and is a higher security, or better assurance of payment, more beneficial to the creditor than a book-account, or debt of like nature. The giving of a note, with a waiver of exemptions, for the amount of an open account, raises the presumption of payment.

It may be said, however, that the plaintiff held the title to the wagon as security for the purchase-money, and that there is no presumption that he abandoned this security. It may be that there would have been no presumption of payment, if the note had been taken only for the balance of the purchase-money; but it is a sufficient answer, that he included the balance of the purchase-money due, and the account for groceries, in the same note, thereby placing both on the same

footing and in the same condition, and the same presumption arises as to both. In such case, the plaintiff would not be allowed to retain the note as security for the open account, and recover on the original debt for the purchase-money of the wagon. But giving and taking the note only makes a *prima facie* payment. The presumption is not conclusive, but may be rebutted. Whether it was taken in payment and discharge of pre-existing debts, is a question of intention, which was properly submitted to the jury by the general charge of the court; but the refusal to give the charge requested placed on the defendant the burden of showing an agreement to take the note in payment.

Charge numbered one, asked by the defendant, was properly refused, being abstract, and calculated to mislead. Its effect would have been to exclude all extrinsic circumstances from the consideration of the jury, and confine them to the contents of the note, in ascertaining the intention and understanding of the parties. The evidence as to the repairing of the wagon was irrelevant to the issues joined.

Reversed and remanded.