[Moore, Marsh & Co. v. Penn & Co.]

# Moore, Marsh & Co. *v.* Penn & Co.

*Statutory Trial of Right of Property in Stock of Goods.*

1. *Documents copied in bill of exceptions.*—When the bill of exceptions states that certain papers or documents were read in evidence on the trial, and directs the clerk to insert them, but does not so describe them by identifying features as to leave no room for mistake by the transcribing officer, the documents inserted by him will not be considered a part of the bill of exceptions, but will be stricken out on motion; but, on the trial of a statutory claim suit, if the bill of exceptions states that the plaintiffs read in evidence the affidavit and attachment on which the suit was founded, and directs the clerk to insert them, this is sufficient to warrant their insertion, since it leaves no room for mistake.

2. *Attachment as evidence of indebtedness.*—On the trial of a statutory claim suit, the plaintiffs' attachment is sufficient evidence of the defendant's indebtedness to them when it was sued out, and the claimant can not question it.

3. *Presumption in favor of judgment.*—When the bill of exceptions purports to set out "substantially all the evidence," but nevertheless shows that some documents were introduced which are not set out, this court will presume that they justified the affirmative charge given by the court below.

4. *Sale of goods by insolvent debtor to creditor; validity as against other creditors.*—An embarrassed or insolvent debtor may sell his entire stock of goods in absolute payment of a *bona fide* existing debt, when there is no material difference between the value of the property and the amount of the debt, and no use or benefit is reserved to himself; but, when such sale is attacked by other creditors, the purchaser must satisfactorily prove the existence, amount, and *bona fides* of his debt, and the adequacy of the consideration;" and if he proves only a part of his debt, it must be regarded as simulated at least to the extent of the residue, and renders the sale fraudulent in fact as against other creditors.

5. *Declarations of partner, as hearsay.*—A partner can not testify to a loan of money, or other partnership transaction, when he knows nothing about the matter except as informed by the other partners.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JOHN MOORE.

This was a statutory trial of the right of property in and to a stock of goods, between Penn & Co., plaintiffs in attachment against Spinks Bros., and Moore, Marsh & Co. as claimants, who claimed to have purchased from said defendants prior to the levy of the attachment. The bill of exceptions purports to set out "substantially all the evidence in the case." The court charged the jury, on request, that they must find for the plaintiffs, if they believed the evi-

[Moore, Marsh & Co. v. Penn & Co.]

dence; and this charge, to which the claimant excepted, is here assigned as error, with other rulings which require no notice. The opinion states the material facts presented on the trial below.

The bill of exceptions, as copied in the transcript first filed in this court, contained this statement: "Plaintiffs read in evidence to the jury the affidavit, attachment, and sheriff's return thereon, together with the inventory of the goods levied on by him, attached to and made a part of his return; all of which are in the words and figures following," setting them out in full. The appellees suggested to the court that the bill of exceptions was not correctly copied in the transcript, and asked a *certiorari* to perfect it; and in the copy sent up in the return, instead of the documents so set out, was the direction to the clerk: "Here copy said affidavit, attachment, sheriff's return, and inventory." At a subsequent stage of the trial, as shown by each of the transcripts, F. M. Perryman, a member of the claimants' firm, testified that, at the date of their purchase of the goods, "Spinks Bros. were indebted to his firm in the sum of $2,938.40, as shown by two promissory notes made by them, which said notes are in words and figures following;" and the transcript first filed here set them out, while the return to the *certiorari* contained the direction to the clerk: "Here copy each of said notes." Afterwards, as shown by each of the transcripts, "plaintiffs read in evidence to the jury the deed of assignment executed by Spinks Bros. on the 14th November, 1888, which is in the words and figures following;" and the first transcript here set it out, while the return to the *certiorari* only contained the direction to the clerk, "Here copy it." After the return to the *certiorari* was filed, the appellees moved to strike out from the bill of exceptions, in the first transcript, the notes and deed of assignment therein copied, on the ground that they were not sufficiently identified to warrant their insertion by the clerk; and the cause was submitted on the merits with this motion.

THOS. L. BULGER, for appellant.

JNO. M. CHILTON, *contra*.

CLOPTON, J.—Under an order for a *certiorari*, the clerk of the Circuit Court returned a transcript of the bill of exceptions as signed by the presiding judge, from which it appears that blank spaces were left, in which some papers used in evidence were to be copied by the clerk. Appellees

thereupon moved to strike from the bill of exceptions returned in the original transcript two notes and a deed of assignment copied in two of the blank spaces, on the ground that they were not incorporated when the bill of exceptions was signed by the judge, and are not so identified as to authorize their insertion by the clerk in making up the record. The rule is well settled, that the incorporation of any paper read or offered to be read in evidence in the bill of exceptions before it is signed, or such description by identifying features as to leave no room for mistake by the transcribing officer, is indispensable.—*Pearce v. Clements*, 73 Ala. 256. It being conceded that there is not even a pretended description of the notes, and that the description of the deed of assignment is general and indefinite, the motion to strike them from the bill of exceptions is granted.

The present proceeding is a statutory trial of the right of property to a stock of goods, levied on by attachment sued out by the appellees against the estate of Spinks Bros., to which appellants interposed a claim. On the evidence, the court gave the affirmative charge in favor of plaintiffs. The first objection urged to the charge is, that the bill of exceptions, which purports to set out "substantially all the evidence," does not show any proof that the plaintiffs were creditors of Spinks Bros. at the time of the sale of the goods to claimants, or at any other time. The objection is based on the fact that a blank space was left in the bill of exceptions signed by the judge, which is filled in the first transcript by the insertion of copies of an affidavit and attachment. On the settled rule, that the corrected transcript returned in obedience to an order for *certiorari* must be regarded as the true and correct record, so far as there is any repugnance between the contents of the first and second records, it is insisted that the principle on which the notes and deed of assignment were stricken out should be extended, so as to prevent the attachment from being considered, on this appeal, as a part of the evidence set out in the bill of exceptions; and that if the attachment be excluded, there is no evidence that Spinks Bros. were indebted to plaintiffs. Whether there is any repugnancy between the contents of the two bills of exceptions, depends on the question, whether the description in the bill signed by the judge sufficiently identifies the affidavit and attachment to justify their insertion in the blank space. The proper issue, on the trial of the right of property, is an affirmation on the part of plaintiffs that the goods levied on are subject to the attachment, and a denial by the claimants. There was but one

attachment issued and levied on the goods; the same attachment mentioned in the affidavit and claim bond made by the claimants, which is the foundation of the trial of the right of property and of the issue joined—a part of the record. We are unable to see how any mistake could have been made by the transcribing officer. This is the certainty of identification required by the rule. If the attachment be regarded as part of the bill of exceptions, it is sufficient evidence, on the trial of the right of property, and for the purposes of such trial, of the indebtedness of the defendants in the attachment to plaintiffs, which can not be questioned by the claimants.—*Pulliam v. Newberry*, 41 Ala. 168.

While the bill of exceptions states, "the foregoing is substantially all the evidence in the case," it also states the attachment as a part of the foregoing evidence. If, then, the contention of appellants be conceded, and the attachment be regarded as stricken out, we have a bill of exceptions showing that the attachment was in evidence, and not furnishing the document itself, or a statement of its contents. In this state of the record, we are bound to presume, not being informed to the contrary, in favor of the ruling of the Circuit Court, that the attachment evidenced a debt due from the defendants therein to the plaintiffs.—*Glass v. Pinckard*, 56 Ala. 592; *Hosea v. Talbert*, 65 Ala. 175.

The consideration paid for the goods by the claimants was the payment of two notes which they alleged had been made by Spinks Bros. A transaction by which an embarrassed or insolvent debtor sells his property to a creditor, the payment of an antecedent debt being the sole consideration, is without the scope of the usual inquiries, in cases of fraudulent conveyances on a present consideration in whole or in part, as to the existence of badges of fraud, or the intent of the debtor to hinder, delay or defraud his other creditors, and participation therein or knowledge thereof on the part of the purchasing creditor. As we have repeatedly said, the material inquiries, when such transactions are assailed as fraudulent, are directed to the existence and validity of the debt, the sufficiency of the consideration, and the reservation of a benefit to the debtor.—*Hodges v. Coleman*, 76 Ala. 103; *Knowles v. Street*, 87 Ala. 357; *Harmon v. McRea*, 91 Ala. 401. This limitation upon the general rule is rested on the principle, that a debtor, devoting his property to the payment of an honest debt, performs a lawful act, which can cause no legal injury to another creditor. In order, however, that the creditor may bring himself within the protection thus afforded to a preferred creditor, he must

satisfactorily prove the existence, amount and *bona fides* of the debt, and the adequacy of the consideration; and also show that no benefit was reserved to the debtor. If he fails to establish either the existence and validity of his debt, or that its amount is not materially less than the fair and reasonable value of the property, the law stamps the transaction as fraudulent as against other creditors.

This repetition of principles, so repeatedly and uniformly declared, is made because of their applicability to the evidence shown by the bill of exceptions, as constituting a basis of the affirmative charge. The evidence shows that the goods purchased were worth, as testified by two witnesses, sixty cents, and by another, eighty cents on the dollar, of the invoice price, which was about $4,300.00. Taking the lowest estimate as most favorable to claimants, the value of the goods was about $2,580.00. Perryman, a member of the firm of Moore, Marsh & Co., testified, without objection, that Spinks Bros. were indebted to claimants "in the sum of $2,938.40, as shown by two promissory notes made by them;" and that the consideration of the note calling for $1,369.25 was money loaned by the claimants to Spinks Bros. The bill of exceptions recites that the notes were read in evidence against the objection of plaintiffs; but, as the notes appearing in the original transcript are stricken out, neither the notes nor statement of their contents are given, otherwise than the amount of one is incidentally mentioned as above stated. It further appears that the note last mentioned, and all the witness said as to its consideration, were subsequently excluded. As this ruling constitutes an assignment of error, we may remark, that there was no error in excluding the evidence, the witness having testified, on cross-examination, that he knew nothing about the loan of the money except as informed by his partners. It was not permissible for the witness to testify to the amount and consideration of the indebtedness from what his partners told him; they should have been examined. The exclusion of the note and the testimony as to its consideration leaves no evidence of the consideration and *bona fides* of any part of the indebtedness.

But, if the existence and validity of the balance of the indebtedness testified to by Perryman, after deducting the amount of the excluded note, were conceded, and the inference most favorable to the claimants as to the value of the property allowed, the bill of exceptions presents the case, when a creditor purchases from an insolvent debtor his entire stock of goods, the sole consideration being the extin-

[Buford, McLester & Co. v. Shannon.]

guishment of a debt materially less in amount than the reasonable value of the goods. The claimants having failed to produce evidence tending to show the existence and validity of a large part of the indebtedness, which it is alleged constituted the consideration paid for the goods, it must be regarded as in fact simulated, at least to the extent of the unproved indebtedness. Such a sale is fraudulent in fact, as against the existing and subsequent creditors of Spinks Bros.—*Gordan v. McIlwain*, 82 Ala. 247. In the state of evidence shown by the bill of exceptions, the court was justified in giving the affirmative charge for plaintiffs.

This dispenses with consideration of the other rulings of the court. We are not prepared to say there is error in any of them; but, if erroneous, they worked no injury to appellants.

Affirmed.