# Jones v. Lowery Banking Co.

### *Statutory Trial of the Right of Property.*

1. *Appeal; waiver of objection.*—Where, in the trial of a claim suit, instituted by the interposition of a claim to funds in the hands of the garnishee, the plaintiff treats the garnishee as a firm composed of but one person, he can not, on appeal, claim that there was no direct proof that what purports to be such firm consists of such garnishee alone.

[Jones v. Lowery Banking Co.]

2. *Assignment of debt; priority in garnishment suit.*—Where the defendants in a garnishment suit assigned a debt due them as collateral security, before their debtor was garnished, the assignee's claim is superior to that of the garnishor, though the garnishee may have had no notice of the assignment until after he was garnished.

3. *Same; same; written transfer admissible in evidence.*—Where, in the trial of a claim suit, instituted by the interposition of a claim to a fund in the hands of a garnishee, the claimant bases his right to such funds upon an assignment of the garnishee's debt to the defendant, which was made before service of the writ of garnishment, the written transfer of such debt by the defendant to the claimant is admissible in evidence.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

The plaintiff, Paul Jones, on the 10th day of July, 1889, sued out an attachment in the circuit court of Cleburne county, against Wiley & Green, living in Atlanta, Ga., which was, on the same day, executed by levying on three barrels of whiskey, and, also, by summoning R. P. Evitt as garnishee and debtor of said Wiley & Green.

The record shows, that on the 8th of September, 1891, a judgment was rendered in said circuit court, in favor of the plaintiff against the defendants in attachment. On the 8th day of March, 1892, said R. P. Evitt, as garnishee in said cause, filed his written answer, in which he admitted, that on the 10th day of July, 1889, the date of the service of the writ of garnishment on him, he was indebted to Wiley & Green in the sum of $608.36, and that after said attachment was levied by summoning him as garnishee, and on the same day he was so summoned, he executed and delivered to W. J. Tanner, who claimed to be the receiver of Wiley & Green his four notes for that indebtedness, for $152.09, each, payable, respectively, on the 1st days of November, December, January and February following, with interest from their maturities. On the 13th March, the Lowery Banking Company, the appellee, propounded its claim, through its agent and attorney, to said indebtedness or fund, which claim concludes, "and this claim is propounded for the purpose of trying such claim." No issue, so far as the record shows, was, in form, made up to try that claim; but, on the 18th of March, 1892, a trial was had, between the plaintiff and the Lowery Banking Company, and a judg-

ment was rendered in favor of the claimant, and discharging the garnishee. In the entry of that judgment is the recital, that the parties came and an issue was joined between them. It is to reverse this judgment, that this appeal is prosecuted.

On the trial of the cause, the plaintiff introduced and read the affidavits for the attachment, the bond, writ of attachment, levy of the sheriff and his return, showing the summoning of said R. P. Evitt as garnishee, and the judgment above referred to. He also introduced and read section 2244 of the Code of Georgia, as follows : "All choses in action arising upon contract may be assigned so as to vest the title in the assignee, but he takes it, except negotiable securities, subject to the equities existing between the assignee and debtor, at the time of the assignment, and until notice of the assignment is given to the person liable." And, it was admitted by claimant, that R. P. Evitt would swear, if present, that he had no notice of the transfer of his account or debt to claimant at the time the garnishment was levied, nor prior thereto.

The claimant introduced and read to the jury, against the objection and exception of the plaintiff, a paper in the following words : "For value received, and as collateral to secure an indebtedness now and to be contracted hereafter, this year, 1889, we hereby transfer to the Lowery Banking Company of Atlanta, accounts on our books as per foregoing lists, amounting to $44,729.24, and we agree to collect same for their account and pay them proceeds, as they require. Atlanta, Ga., March 21, 1889. [Signed] Wiley & Green." The lists referred to were not found in the record, but it was shown that "among the accounts included in the above, was one of Evitt & Co. for $1,087.01." The plaintiff's grounds of objection to the introduction of this paper were : (1), that the paper offered shows an account against Evitt & Co. and not R. P. Evitt ; (2), that it shows no title conveyed in the account against R. P. Evitt ; and, (3), that the transfer is insufficient to show a transfer in Georgia which would defeat an Alabama debt.

It was also shown by A. L. Green for claimant, that Wiley & Green were indebted to the Lowery Banking Company, at the time of the transfer of said accounts, in the sum of about $29,000, and at the time of service of

the garnishment, in the sum of about $17,000, and that some of said indebtedness was still unpaid. It was further shown by claimant that the debt in controversy was and is a part of the $1,087.01 account of Evitt & Co. mentioned in the transfer to claimant. Claimant also offered in evidence section 3551 of the Code of Georgia, reading: "Collateral securities in the hands of a creditor shall not be subject of garnishment at the instance of other creditors." This being all the evidence, at the request of the claimant, the court gave the general charge in its favor.

The errors assigned are, the admission in evidence of said transfer of said accounts, and the giving of the general charge for claimant.

E. H. HANNA, for appellant.

MATTHEWS & WHITESIDE, *contra.*

HARALSON, J.—There is no direct proof that what purports to be the firm of Evitt & Co., whose account had been assigned by defendants, Wiley & Green, to claimants, consisted of R. P. Evitt alone; but he was garnished as the debtor to defendants in attachment, and answered as such, and plaintiff treating him as Evitt & Co., tried this cause with the claimants, asserting his rights to the fund in his hands by virtue of the writ of garnishment. So, whether the account was really against Evitt & Co. or R. P. Evitt, is a matter of which, after this, plaintiff can not complain.

The paper offered in evidence tends to show that, prior to the garnishment process against Evitt, the defendants in attachment had transferred the account of Evitt and the debt due by him thereon to the claimants, as collateral security for a debt defendants owed them.

It is true, that non-negotiable choses in action, transferred as collateral security to a debt, in the hands of the assignee or pledgee, are always open to defenses existing previous to notice of the assignment or transfer. Code, § 1765. But where there are no defenses of this character to be adjudicated, and a claim is interposed in a garnishment proceeding under the statute, the simple issue is, whether the claimant had a transfer of the demand, which is superior to the garnishing creditor, de-

rived from his process of garnishment.—Colebrook on Col. Secs., § 422; Jones on Pledges, § 134; *Winslow v. Bracken*, 57 Ala. 368; *Security Loan Asso. v. Weems*, 69 Ala. 584–590.

It is not disputed that the assignment by the defendants in attachment of the debt which is garnished was as collateral security to a debt which they owed the claimants at the time, nor is it disputed that this assignment was at date prior to the date of the garnishment process. The case is not embarrassed by any intervening equities or defenses between the defendants and the garnishee. The latter admits the debt to the former. The only issue submitted to the court below to try, on evidence that was not conflicting, was, which of them, as between the plaintiff and the claimant, showed the superior right to the debt in the hands of the garnishee. The plaintiff rested on his garnishment process alone for any right he had or could claim to the debt, and the claimants, on the fact that, prior to the garnishment, the debt has been transferred to them.

There was no error in admitting the written transfer by defendants to the claimants, since it was their evidence of title to the debt; nor did the court commit error in charging the jury, that, if they believed the evidence, they must find for the claimants. The undisputed facts showed that they had a superior claim to the debt to the plaintiff. ·

There is nothing in the Georgia statutes, introduced in evidence, even if applicable here, which is contrary to the conclusion we reach. If the case were tried under those statutes, the result would be the same. The fact, there or here, that the assignment of the debt was before the garnishment of the debtor, gave the assignee a right to it, superior to that of the plaintiff derived under his garnishment.

Affirmed.