# Elliott v. Round Mountain Coal and Iron Co.

### Unlawful Detainer.

1. *Bill of exceptions; leaving blanks for the clerk to fill.*—Where a bill of exceptions as signed by the presiding judge contains blanks, with instructions to the clerk parenthetically inserted, to fill them by copying therein certain writings, such writings so copied by the clerk will be stricken from the bill unless the directions to him are so definite and specific as to the identity of the papers to be copied as to reasonably exclude a mistake with reference thereto.

2. *Same; presumption when part stricken out.*—When a bill of exceptions from which certain writings have been stricken, shows those documents to have been in evidence, this court will on appeal presume that they justified the action of the lower court if from their nature as shown by the bill, they could reasonably contain anything which would do so.

3. *Landlord and tenant; surrender of possession on termination of lease.* Where a lease is cancelled by mutual consent, the fact that the landlord is indebted to the tenant for improvements made by the latter on the rented premises, does not justify the tenant in withholding the possession.

APPEAL from Cherokee Circuit Court.

Tried before Hon. JOHN B. TALLY.

This was an action of unlawful detainer, brought by appellee against the appellant.

The defendant had rented of the plaintiff the premises in controversy for a term begining January 1st, 1886, and ending on January 1st 1891, under which lease the defendant went into possession. The action was begun in a magistrate's court on November 7th 1891. The opinion sets out such parts of this lease as are necessary to be shown. On its margin was an endorsement dated January 6th 1891, by which the parties mutually agreed to cancel the lease, No further facts other than those set out in the opinion are necessary to its understanding.

No brief for appellant came to hands of the reporter.

J, L. BURNETT, for appellee.—1. Where in bill of ex-

ceptions as signed, the clerk was directed to insert certain documents, these documents were not sufficently indentified—*Kyle & Elliott v. Gadsden Ld. Co.*, 96 Ala. 376; *Moore Marsh & Co. v. Penn.*, 95 Ala. 200; *Pearce v. Clements* 73 Ala. 256.

2.   Parts of a bill of exceptions being stricken out, the appellate court will presume that such parts justified the ruling of the trial court.—*Moore, Marsh& Co. v. Penn*, 95 Ala. 200.

McCLELLAN, J.—Under the rule declared in *Pearce v. Clements*, 73 Ala. 256, and reaffirmed in *Moore, Marsh & Co. v. Penn & Co.*, 95 Ala. 200; *Kyle & Elliott v. Gadsden Land & Improvement Co.*, 96 Ala. 376, and other cases, the motion of appellee to strike from the bill of exceptions the demand in writing for the possession of the premises sued for and also the letter written by W. C. Sibley, as president of the Round Mountain Coal & Iron Co., on April 3d, 1890, must be granted.   These papers were not copied into the bill of exceptions before it was signed by the presiding judge, but blanks were left therein in which the clerk subsequently copied these papers in supposed obedience to the directions inserted parenthetically in the bill; but these directions are not sufficiently definite and specific as to the identity of the papers to be copied to reasonably exclude a mistake with reference thereto.   As to the demand, this appears in the bill of exceptions as signed by the judge:   "The plaintiff then offered the demand in writing made by W. C. Sibley, as president of plaintiff, on the defendant for the possession of the property (here it is agreed that the clerk may set out the demand in full.)"   The date of the demand is not given, nor is the date of its service on defendant, nor is it indicated what property was the subject of the demand.   In respect of said letter the bill of exceptions as signed shows that while Sibley was on the stand as a witness he said:   "I wrote this letter of date 3rd of April, 1890," and that thereupon the defendant offered "this letter of April 3rd, 1890," and then follows "(here it is agreed that the clerk may set out the letter written by Wm. C. Sibley, as prest. of plff., on the 3rd of April, 1890)."   Neither the subject matter of the letter, nor the name of the person to whom it was addressed is indicated.   Any letter written by Sibley as

[Elliott v. Round Mountain Coal and Iron Co.]

such president on that day to anybody on any subject would have filled this description equally well.

The other papers referred to but not set out in the bill of exceptions were, in our opinion, so identified therein by reference to their dates, subjects and parties as to reasonably insure against mistakes on the part of the clerk in carrying out the directions to insert them. The motion of appellee as to these is overruled.

The bill of exceptions purports to set out the evidence adduced at the trial. Yet with this letter of Sibley and the demand stricken out, it shows that documents were received in evidence which are not copied in the bill, and which cannot, therefore, be examined by this court. On this state of the case, if there could be anything in these documents which would justify the affirmative charge given by the court for the plaintiff, we are to presume they contained such thing, and affirm the case so far as its fate here depends upon the correctness of that action by the lower court. We do not see how this presumption could be indulged with respect to the demand, since what is said of it in the bill of exceptions as signed excludes the idea that it was anything more than a mere demand for possession, and it is not conceivable how such a document could evidence any fact showing the plaintiff's right to the possession, although it does evidence a step in the proceeding taken in the assertion of that right. But as to the letter, it would seem, this doctrine of presumption can and should be applied. The lease under which the defendant held the premises sued for at the time the letter was written contained this provision: "Should the party of the second part, the lessee, fail to run the aforesaid furnace to its full capacity, then he agrees to surrender the aforesaid Round Mountain property to the party of the first part, the lessors, on their giving him thirty days notice to do so, if they so require." This letter of Sibley's might possibly have contained the notice thus provided for and also evidence of the fact that the defendant had not run the furnace to its full capacity as a predicate for such notice; and these facts would have terminated the lease and shown that plaintiff was entitled to recover. It would seem that the plaintiff was entitled to the affirmative charge on this consideration alone.—*Moore, Marsh & Co. v. Penn & Co.*, 95 Ala. 200.

[Elliott v Round Mountain Coal and Iron Co.]

But, aside from that, the evidence which was before the lower court and properly in the transcript here, in our opinion, makes out the plaintiff's case beyond contrary inference, and justified the court in giving the affirmative charge in its favor. It showed that the defendant rented the Round Mountain property from the plaintiff, that while he was in possession under this lease as plaintiff's tenant, the rental contract was cancelled in writing by mutual consent, and that upon demand made for the possession by the plaintiff after this cancellation he failed and refused to surrender the property, but continued in possession until after this suit was brought. Thus the case stood on the undisputed evidence. There is something in the record about an extension of the original lease, but it clearly appears, from the circumstances of the cancellation and all the other evidence in the case, that this extension, if it was ever agreed upon, fell with the original lease. And there was no evidence adduced or offered tending to show that, notwithstanding the cancellation, the defendant retained any right to the continued possession, except possibly for sixty days during which he had a right to sell the property as the agent of the plaintiff, and which had elapsed long before this suit was instituted. There is some evidence that the plaintiff owed defendant, or that he so claimed, for improvements he had put on the property; but conceding this, the fact did not entitle him to continue in its possession. On these considerations our conclusion is that the court below properly gave the affirmative charge for the plaintiff; and it is manifest that this conclusion could not be affected by the evidence offered by the defendant and excluded on plaintiff's motion, so that whether the circuit court erred or not in that regard is immaterial : if error, it was without injury.

The judgment of the circuit court is affirmed.