# G. Ober & Sons Co. *v.* Phillips-Burt-toff Mfg. Co.

### *Statutory Claim Suit.*

(DECIDED FEB. 8, 1906, 40 So. REP. 278.)

1. *Garnishment; Suggestions by Garnishee That Another Claims; Issues.*—When a garnishee answers indebted on contract of insurance, but suggests that another claims the fund by transfer of policy, and such person propounds his claim under such transfer, the only issue presented is the fact of such transfer, and its *bona fides.*

2. *Insurance; Assignment of Policy; Validity.*—Although an insurance, policy contains a stipulation prohibiting assignment, an assignment of the policy by insured, properly endorsed on the policy after the fire, is sufficient, under Sec. 876, Code 1896, to authorize the assignee of the policy to maintain an action on it.

3. *Appeal; Presumptions.*—Although the record shows certain special pleas filed, if the judgment entry does not show an issue joined on such pleas, it will be presumed on appeal that the cause was tried upon the statutory issues.

4. *Fraudulent Conveyances; Property Conveyed.*—If an insolvent debtor conveys property in payment of pre-existing debts, which does not materially exceed in value the debt due, and reserves no benefit to himself the conveyance is lawful, whatever the motives of the parties or the badges of fraud; and in the case at bar, although the property conveyed was greatly in excess of the debt due and the assignment was indivisible, yet evidence was received without objection, and without connict, that only so much was conveyed as would pay the debt, the claimant was entitled to the affirmative charge.

5. *Garnishment; Claim by Third Persons; Judgment.*—A judgment which shows a finding against the plaintiff in a claim suit, although not correct in form, is sufficient, and, at least the plaintiff is in no position to complain.

APPEAL from Marshall Circuit Court.
Heard before Hon. A. H. ALSTON.

40

Appellant sued the individuals composing the firm of Barron & Russell, and garnisheed the Continental Fire Insurance Co., who answered indebted and paid the money into court, suggesting at the same time that Phillips-Burttorff Mfg. Co. claimed the money. On notice to them the Phillips Company came in and propounded their claim. The issue was found in favor of the claimants.

O. D. STREET, for appellant.—No demurrer being filed to test any of the issues tendered by the plaintiff, if there was any evidence tending to support them the giving of the affirmative charge for the claimant was error.—*Hasterton v. Gibson*, 56 Ala. 56; *Allison v. Little*, 93 Ala. 150; *McKinnon v. Leslie*, 89 Ala. 625.

The claim affidavit and the depositions of the claimant tend to show that the assignment, though absolute in terms, was intended as a security and as the assignors were in failing circumstances, which was known to claimants at the time of the assignment, the law presumes fraud.—14 A. & E. Ency. Law, (2d Ed.) p. 524; *Bryant v. Young*, 21 Ala. 364; *Campbell v. Davis*, 85 Ala. 56; *Birmingham Dry Goods Company v. Roden*, 110 Ala. 516.

If a debtor in failing circumstances undertakes to secure one creditor who knows of his embarrassed condition by pledging property considerably in excess of the debt intended to be secured, such pledge is void, as necessarily calculated to hinder, delay and defraud creditors.—*Reynolds v. Welsh*, 47 Ala. 200; *McWilliams v. Rogden*, 56 Ala. 87; *Wiley v. Knight*, 27 Ala. 336; *McDowell v. State*, 87 Ala. 493; *Benedict v. Renfroe*, 75 Ala. 181.

JOHN C. FORNEY, for appellee.—If there existed any reservation of benefit in the debtor, it was the duty of the plaintiff to have shown it.—*Heard case*, 103 Ala. 401. The transfer in this case is valid.—*Bates case*, 102 Ala. 249; *Polak's case*, 96 Ala. 172; *Goetter's case*, 104 Ala. 489.

The consideration of the transfer and its purposes can be shown by parol testimony, and this was done in this case without objection, and without conflict as to its terms and purposes.—*Mobile Bank v. McDonald,* 89 Ala. 444; *Truitt's case,* 30 So. Rep.

ANDERSON, J.—This issue was made up under sections 2199 and 2200 of the Code of 1896, between the plaintiff in garnishment and the claimant of the fund, as suggested by the garnishee. The fact and *bona fides* of the transfer are alone in issue.—*Rowland v. Plummer,* 50 Ala. 182; *McMullen v. Lockard,* 64 Ala. 56.

It seems that the assignment of the policy was made after the loss by fire, and by the following endorsement: "The interest of Barron & Russell, as owners of property covered by this policy, is hereby assigned to Phillips-Buttorff Mfg. Co., subject to the consent of the Continental Insurance Company. (Signed) Barron & Russell. Dated Albertville, Ala., March 30th, 1899." Under section 876 of the Code of 1896 this indorsement was sufficient to authirize an action on the policy by the assignee, and, this court has held, transferred the policy, when made after the fire, although the policy contained a stipulation prohibiting the assignment.—*Perry v. Merchants' Ins. Co.,* 25 Ala. 355.

The evidence shows that the debt for which the policy was assigned was only about one-third of the value of the policy; that the defendants were insolvent, or in failing circumstances; and that the assignees either knew, or had knowledge sufficient to charge them with notice, of the fact. This court has repeatedly held that if the property conveyed by an insolvent debtor in payment of pre-existing debts does not materially exceed in value the amount of the indebtedness owing and paid by the conveyance, and no benefit is reserved to the grantor, the conveyance is lawful as against his other creditors, regardless of the motives of the parties to the conveyance or of badges of fraud in the transaction.—*Pollock v. Meyer,* 96 Ala. 172, 11 South. 385. The price, however, must be reasonable, and if the debt is materially

less than the value of the property conveyed in settlement thereof the law stamps the transaction as fraudulent as against the other creditors.—*Moore, Marsh & Co. v. Penn & Co.*, 95 Ala. 200, 10 South. 343; *Mobile Bank v. McDonnell*, 89 Ala. 434, 8 South. 137, 9 L. R. A. 645, 18 Am. St. Rep. 137; *Morrow v. Campbell*, 118 Ala. 330, 24 South. 852; *Gordon, Rankin & Co. v. Tweedy*, 71 Ala. 202; Bump on Fraudulent Conveyances, § 44.

The assignment of the policy was indivisible, and if it operated to transfer the amount thereof, over $1,900, to pay a debt of about one-third that sum, it would be void as against creditors. We need not consider whether it was proper to permit Forney to testify to a different assignment when the policy was delivered, yet he did so testify without objection of the plaintiff, and proved an assignment only of so much of the fund as was sufficient to pay claimant's debt. He did not prove that it was received as security for the debt, but that only so much thereof was assigned as was necessary to pay claimant's debt. This fact having been proved without objection, and without conflict, the claimant was entitled to the affirmative charge.

It is contended by counsel for appellant that some of the special pleas were proven, and that plaintiff was entitled to the affirmative charge. The judgment entry does not show that issue was joined on these pleas, and we will presume that the case was tried upon the issue contemplated by the statute—a denial of the claimant's claim. We do not think the plaintiff can complain of the form of the judgment or of its failure to mention the amount. The proper judgment should have been one discharging the garnishee, but it shows a finding against the plaintiff, and it was only necessary for the amount to be set out in the judgment in case of a finding for the plaintiff.—Code 1896, § 2200.

The judgment of the circuit court is affirmed.

HARALSON, TYSON, SIMPSON, and DENSON, JJ., concur.