LYONS, Justice
(concurring in part and concurring in the result).
I concur fully in the main opinion with one exception.
Section 16-24-8, Ala.Code 1975, provides:
“Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons.”
Reliance upon the prohibition against cancellation of a teacher’s employment contract for political or personal reasons as the basis for a defense to the stated ground for termination is in the nature of a confession and avoidance. In effect, one relying on this portion of the statute admits that she is guilty of some misfeasance but argues that she is being singled out while others guilty of the same misfeasance are not being charged, so that the adverse action against her is motivated by either personal or political reasons. A confession and avoidance is the classic example of an affirmative defense. See, e.g., Foley v. Pioneer Mining & Mfg. Co., 144 Ala. 178, 182, 40 So. 278, 274-75 (1906) (“There is a well defined distinction between assumption of risk and contributory negligence, still both of these defenses are in confession and avoidance of the plaintiffs action, and cannot be availed of under the general issue, but must be specially pleaded.”). The main opinion, at note 5, correctly states: “The existence of an improper motive for termination, a political or personal reason, is in the nature of a defense. The teacher asserting such a motive must place the motive ‘at issue’ by specifically pleading the facts alleged to establish an improper motive.” 984 So.2d at 1171.
However, the main opinion also states:
*1173 “Clearly, the hearing officer was not authorized to import employment law from collective-bargaining cases and, based mpon those cases, to establish a new standard of ‘just cause for termination’ of tenured teachers with certain principles such as like discipline of co-employees and forewarning of possible or probable consequences of the employee’s conduct,’ which are not required by either the old Act or the new Act.”
984 So.2d at 1170.
I agree with the conclusion in the main opinion that the hearing officer was not authorized to import employment law not grounded in Alabama law. However, evidence related to “like discipline of co-employees” and “forewarning of possible or probable consequences of the employee’s conduct” could be germane to an affirmative defense of personal or political motivation pleaded with proper notice to the board. For example, if other employees had been allowed to engage openly in similar conduct over a long period of time without so much as a hint of a warning of impropriety from superiors, and one employee suddenly was the object of the full force of the board’s ire, while the shortcomings of others continued to be ignored, that evidence would be relevant to improper motive.
My problem with the proceedings below arises from the failure of Wilson to assert in advance of the hearing that her firing was motivated by personal or political reasons. She had the benefit of a confession and avoidance without asserting it as an affirmative defense. Hence, the board was blindsided by the hearing officer’s interest in facts that would support a finding of lack of just cause because of absence of like discipline of co-employees and failure to forewarn of possible or probable consequences of the employee’s conduct. Because the main opinion negatively characterizes evidence of “like discipline of co-employees” and “forewarning of possible or probable consequences of the employee’s conduct” that was admissible under the standard applied by the hearing officer, I am concerned that we might be understood as embracing a rule that prevents the admission of such evidence even when properly pleaded.
WOODALL and SMITH, JJ., concur.