## ROSS *vs.* PITTS.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Payment by garnishee, as defense to action on note.*—In an action on a promissory note, by an assignee against the maker, the defendant may show, under the plea of payment, that judgment was rendered against him, before the institution of the suit, for the amount due on the note, under a garnishment against him as the debtor of a person to whom it had been transferred, and that he has paid that judgment; and, to make out this defense, may introduce the record of the former suit, in connection with parol proof of the payment of the judgment and the transfer of the note.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by Littleton Pitts, against Hugh D. Ross; was commenced on the 5th November, 1858; and was founded on a promissory note for $224, made by the defendant, dated the 12th February, 1857, and payable by the 1st January next after date, to Isaac D. Arledge or bearer. The defendant pleaded, "in short by consent," *non assumpsit,* payment, and set-off; and issue was joined on these pleas. On the trial, as the bill of exception shows, after the plaintiff had read in evidence the note on which

the suit was founded, the defendant offered in evidence a transcript from the record of the circuit court of Butler, showing the following proceedings : On the 24th July, 1857, Augustus Murphy sued out an original attachment against William Reynolds, as a non-resident, and, on the same day, summoned Hugh Ross, by process of garnishment, as the debtor of said Reynolds. On the 25th September, 1857, the garnishee filed his answer, which was made under oath, and in which he stated, that he was then "indebted to said William Reynolds, to one note, $225, due December, or January, 1858, transferred by Isaac Arledge to William Reynolds." At the next ensuing term, a judgment by default was rendered against Reynolds, on publication ; and a judgment was also rendered against the garnishee, in favor of said Murphy, for the amount admitted to be due on the note, being $238 50. The bill of exceptions proceeds as follows : "The defendant also offered to prove, by Isaac D. Arledge, that in March, 1857, he owned said note, and then sold and transferred it to said William Reynolds. He offered to prove, also, that on the 4th October, 1858, he paid to said Augustus Murphy the amount of the judgment mentioned in said transcript. The defendant offered the foregoing evidence together, and in connection ; to which the plaintiff objected, because it was not relevant to the issue. The court sustained the exception, and refused to allow the admission of the testimony ; to which the defendant excepted. This was all the evidence offered by the defendant, and all the evidence in the cause.' The exclusion of the evidence is the only matter now assigned as error.

TORREY & LESLIE, for appellant.

J. J. ROACH, contra.

PHELAN, J.—This was an action by Pitts, appellee, against Ross, appellant, founded on a promissory note given by Ross to one Arledge. The defendant below pleaded non assumpsit, payment, and set-off. To maintain his defense, he offered to show that the note in suit had been transferred, before action brought, to one Reynolds, against

whom an attachment had been sued out by one Murphy, and that he, defendant, had been garnisheed to answer what he was indebted to said Reynolds; that he made answer that he had made the note in question to one Arledge, who had transferred it to said Reynolds; and that Murphy, after having obtained his judgment in the attachment suit against Reynolds, obtained judgment against said defendant, for the amount of the note, on his said answer as garnishee. To prove these facts, he proposed to introduce the record of the attachment suit of Murphy against Reynolds, as defendant in the attachment, and of the proceedings against him as garnishee, standing connected with it. He also offered to prove, by Arledge, that in March, 1857, he (Arledge) owned said note, and sold and transferred it to Reynolds; and also that he (the defendant) had paid to Murphy, on the 4th of October, 1858, the judgment rendered against him as garnishee as aforesaid. The defendant offered the foregoing testimony, that is, the transcript and the parol proof, in connection. "The plaintiff objected, because it was not relevant to the issue." The court sustained the objection, and ruled out the testimony; and the defendant excepted.

To make his defense complete, it was necessary for the defendant to show, by the best evidence, the *facts* upon which that defense rested. These facts were, that he had been lawfully garnisheed as the debtor of Reynolds, who was sued in attachment by Murphy, and that a judgment had been regularly rendered against him on said garnishment, as maker of said note. The transcript of the record in the suit by Murphy against Reynolds, and the judgment against the defendant in connection therewith as garnishee, was the best evidence that could be adduced of these facts, and was, therefore, not only competent testimony, but indispensable to the defense. The distinction between the admissibility of a record or judgment as a fact, and as tending to establish ulterior facts, is well established.—1 Greenleaf's Ev. §§ 538, 539; also, *Harrell v. Whitman*, 20 Ala. 519.

The offer to prove by Arledge, that he had sold and transferred the note to Reynolds, and that defendant had paid the judgment rendered against him as garnishee, was also,

under the plea, clearly competent, and should have been allowed.

The judgment below is reversed, and the cause remanded.