# Pearson v. King.

*Action of Ejectment.*

99  125
128  277
99  125
e131  197
131  598

1. *Conveyance of land adversely held.*—A conveyance of lands, which are at the time in the possession of a third person, holding adversely

[Pearson v. King.]

to the grantor, is void as against the adverse possessor and the persons in privity with him, and will not support ejectment by the grantee against such adverse holder. But as to all others, and as between the parties themselves, it is valid and operative.

2. *Right of grantee to use grantor's name in an action of ejectment.*—A conveyance of land adversely held authorizes the grantee therein to use the grantor's name in a suit for the recovery of the property ; and the grantor can not prevent such use of his name by the grantee.

3. *Same.*—The grantor in a conveyance of land held adversely can not, by a subsequent release or conveyance to the adverse holder, or by an order to dismiss, defeat an action of ejectment brought in his name for the recovery of the land from the adverse holder, for the benefit of the first grantee.

Appeal from the City Court of Birmingham.

Heard before the Hon. W. W. Wilkerson.

This was a common law action of ejectment, and was commenced on July 26, 1888. In the declaration as amended, there were three demises. One in the name of David Pearson, another in the name of S. P. Waits, and the third in the name of John D. Strange and J. H. White. After the commencement of the suit, David Pearson, in whom one of the demises was laid, having died, upon motion of the plaintiff, it was revived, as to that demise, in the name of his heirs-at-law, and of the administrator of his estate. The appellee, P. G. King, as landlord of R. M. Ray, was admitted to defend, and pleaded, first, the general issue, and second, by special plea, that since the commencement of the suit all of the heirs-at-law of David Pearson, deceased, had conveyed to the said defendant, all their right, title and interest in the land in controversy. The plaintiffs' demurrer to this plea being overruled, they filed a replication to plea number two, the substance of which is stated in the opinion. The defendant demurred to this replication to plea number two, on the ground, that there was nothing contained in the said replication which precludes or debars him from the defense set up in said plea ; and that it appears from said replication that the conveyance by Pearson to White and Strange was executed to them while King, the defendant, was in the adverse possession of the premises, claiming title thereto. This demurrer was sustained by the court, and its rulings thereon constitute the ground of one of the assignments of error.

As the opinion of the court only considers the assignments of error addressed to the rulings of the court upon the pleadings, it is not deemed necessary to set out any other facts in detail.

WEBB & TILLMAN, for appellant.—The deed of David
Pearson's heirs to King did not defeat the right of Strange
and White to recover the land in the name of their grantor,
David Pearson, if it was held adversely at the time of Pear-
son's deed to them.—*Davis v. Curry*, 85 Ala. 134; *Bernstein
v. Humes*, 60 Ala. 582; *Sleeple v. Downing*, 60 Ind. 487; *Far-
num v. Peterson*, 11 Mass. 151; *White v. Patton*, 24 Pick. 324;
*McMahan v. Bowe*, 114 Mass. 145; Sedgwick & Wait on Trial
of Title to Land, § 190.

BROOKS & BROOKS, *contra*, cited *Alexander v. Collins*, 7 Ala.
480; *Scranton v. Ballard*, 64 Ala. 402; *Davis v. Curry*, 85
Ala. 133; 3 Brick. Dig., p. 18, § 51.

WALKER, J.—This is a common-law action of ejectment.
David Pearson, in whom one of the demises was laid, having
died pending the suit, it was revived as to that demise in the
names of his heirs-at-law, and of the administrator of his
estate. The defendant interposed a special plea, to the
effect that since the commencement of the suit, the heirs of
David Pearson had executed a conveyance of the land sued
for to the defendant. A demurrer to this plea having been
overruled, the plaintiffs interposed a replication thereto, to
the effect that before the beginning of the suit, David Pear-
son was seized of the legal title to the land sued for, and
executed a conveyance thereof to Strange and White, when
he knew that the land was in the adverse possession of the
defendant's tenant; that this action was begun and is prose-
cuted for the use and benefit of said Strange and White;
that the deed to them was duly recorded before the execution
of the conveyance by Pearson's heirs to the defendant, and
that the defendant had notice of David Pearson's deed to
Strange and White when he obtained the deed from David
Pearson's heirs to himself pending this suit. The defend-
ant's demurrer to this replication was sustained.

It is well settled that a sale and conveyance of lands, which
are at the time in the possession of a third person holding
adversely to the grantor, is void as against the adverse pos-
sessor, and will not support ejectment by the grantee against
him.—3 Brick. Dig. p. 18, § 51. The grantor in such con-
veyance may still maintain ejectment against the adverse
holder, and the latter can not plead the conveyance in bar
of the suit. The conveyance is void as to him, and he can
not set it up as a defense.—*Davis v. Curry*, 85 Ala. 133.
The conveyance is void only as against the adverse possessor
and persons in privity with him. As to all others, and as
between the parties, it is valid and operative.—*Yarborough*

*v. Avant,* 66 Ala. 526; *Harvey v. Doc, ex. dem. Carlisle,* 23
Ala. 637; *Abernathy v. Boazman,* 24 Ala. 189.   The execution
of the deed imports that the grantor intends to vest the title
in his grantee, and to confer upon him the beneficial enjoy-
ment of the property, so far as that result may be accom-
plished legally.    Because of the rule of law which invalidates
the deed as against the adverse holder, it can not operate to
authorize the grantee to sue in his own name for the recovery
of the land from such adverse holder.    But this rule of law
does not stand in the way of the grantor authorizing the use
of his name in a suit for the recovery of the property.
Courts of law long ago recognized the right of a transferee
of a *chose* in action, which was not assignable under the
common law, to use the name of the transferror in a suit
thereon.    Though such assignment was void as to the debtor,
yet it bound the creditor to permit the use of his name by
his transferee for the enforcement of the demand.    On like
considerations it has been held, that a conveyance of land
adversely held, authorizes the grantee therein to use the
grantor's name in a suit for the recovery of the property.
The question was presented in the case of *Steeple v. Downing,*
60 Ind. 478-487.   It was there said : "We are satisfied, both
upon reason and authority, that where one conveys land to
another, which at the time is in the adverse possession of a
third person, whereby the title can not pass as against the
party thus in possession, the grantor impliedly authorizes
the grantee to use his, the grantor's, name, in an action to
recover the land from the party thus in the possession
thereof."    The result of the decisions has been stated to be,
that the deed is construed to be a power of attorney author-
izing the grantee to use the grantor's name, as plaintiff in
ejectment, to recover the lands, even against the will of the
latter.— Sedgwick and Wait on Trial of Title to Land, (2d Ed.)
§ 190.    The recovery enures to the benefit of the grantee,
though the action is prosecuted in the name of the grantor.
*Brunson v. Morgan,* 86 Ala. 318.

It is a general rule, that there can be no recovery in favor
of the plaintiff on the record, after he has released or trans-
ferred his claim to the defendant.    This court has recogniz-
ed an exception to this rule, in suits prosecuted in the name
of an assignor for the benefit of an assignee of a *chose* in ac-
tion.    Before the statute required a certain class of such
suits to be prosecuted in the name of the party really inter-
ested, courts of law, even in suits in the name of the assignor,
took notice of the rights of the assignee, and would not permit
them to be prejudiced by the acts, declarations, or admis-

sions of the assignor, done or made after the assignment.—
1 Brick. Dig., 127, §§ 56–58. The assignment was given
such effect, as between the parties, that thereafter the as-
signor could not defeat the action prosecuted in his name
for the benefit of the assignee. The position of a grantee in
a conveyance of land held adversely is similar to that occu-
pied, at the common law, by an assignee of a *chose* in action.
In each case, the transfer is binding between the parties, and
is void only as to third persons who, according to the theory
of the law, might be prejudiced by having claims against them
put in the hands of others than the original holders. In each
case, if the suit is against such third person, it may be prose-
cuted in the name of the transferror, for the benefit of the
transferee. The reasons against permitting the transferror to
defeat such suit by anything said or done by him, after the
transfer, are equally applicable in each of the two cases. These
reasons have led several courts, in which the question has been
presented, to the conclusion that a grantor in a conveyance of
land held adversely can not, by a subsequent release or con-
veyance to the adverse holder, or by an order to dismiss, de-
feat an action brought in his name for a recovery of the land
from the adverse holder for the benefit of the first grantee.
*Steeple v. Downing*, 60 Ind. 478 ; *White v. Patten*, 24 Pick.
324 ; *Farmun v. Peterson*, 111 Mass. 148 ; *McMahan v. Bowe*,
114 Mass. 140. This conclusion is supported by a consid-
eration which is well illustrated in the present case. David
Pearson's heirs, who executed the deed relied on by the de-
fendant, had only such right to the land as descended to
them from their ancestor. So far as the defendant claims
under their deed, he stands in their shoes. He has no
greater rights by virtue of that deed than his grantors had
at the time it was executed. Their ancestor's prior convey-
ance was binding on them, in favor of his grantees. That
conveyance conferred upon the grantees therein the right to
use the name of the grantor, or of his heirs, in an action of
ejectment against the adverse holder. Neither the grantor
nor his heirs could refuse the use of their names for such a
purpose. They could not confer upon another a right which
they did not themselves have. The defendant's adverse
possession entitles him to treat the deed to Strange and
White as a nullity. But when he abandons this position,
and sets up a claim under the grantor in that deed, to that
extent he puts himself in privity with that grantor, and de-
rives from him only such rights as the latter had. So far as
the defendant claims under the deed to him from David
Pearson's heirs, he relies on their rights as against Strange

[Commercial Bank of Selma v. Hurt.]

and White ; and that deed can not have effect to defeat this suit, as the grantors therein had no right to prevent the prosecution of the suit in their names, for the benefit of their ancestor's grantees. It results from this conclusion, which, we are satisfied, is correct, that the demurrer to the replication to the defendant's special plea number 2 should have been overruled.

The authorities cited for the appellee are not against this ruling. They only assert the general rule, that in actions of ejectment, as in other forms of action, a release or transfer of his claim by the plaintiff, pending the suit, will defeat his right to recover.—*Doe, ex dem. Alexander v. Collins*, 7 Ala. 480; *Scranton v. Ballard*, 64 Ala. 402 ; *Jackson v. Demont*, 9 Johns. 55. Neither of the cases cited is an authority against the proposition, that a grantor in a conveyance of land held adversely can not prevent the use of his name by the grantee, in an action for the recovery of the land for the benefit of the latter. In actions of ejectment, as in other actions, which may be prosecuted in the name of one person for the benefit of another, when the facts are brought to the attention of the court, it will not shut its eyes to the rights of the person beneficially interested in the prosecution of the suit, but will protect them against the unauthorized conduct of the nominal plaintiff.—*Roden v. Murphy*, 10 Ala. 804.

For the error in sustaining the demurrer to the replication, the judgment must be reversed.

Reversed and remanded.