# Jenkins *et al.* v. Bramlett, Exec. etc.

## *Statutory Action of Ejectment.*

1. *Ejectment; revivor; when not shown to be in the name of the personal representative of deceased.*—Where in an action of ejectment upon the death of the plaintiff being suggested, the action is revived "in the name of B. executor of the estate" of the original plaintiff, deceased, "as party plaintiff," such revivor is not made in the name of the personal representative of the deceased, but in the name of B. as an individual—the words in said order of revivor "executor of the estate," etc., being merely *descriptio personae;* and upon its being shown that under the will of the original plaintiff said B. had no interest either as heir or devisee in the land sued for, the defendants are entitled to judgment.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment brought against the appellants, to recover certain lands specifically described in the complaint. The facts of the case necessary to an understanding of the only question reviewed on the present appeal are sufficiently stated in the opinion.

From a judgment in favor of the plaintiffs the defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

[Jenkins *et al.* v. Bramlett, Exec. etc.]

BOYKIN & LEE and AIKEN & MARTIN, for appellants.

GEORGE D. MOTLEY, *contra.*

TYSON, J.—This action was commenced by Elias A. Bramlett, and upon his death was revived "in the name of L. W. Bramlett, executor of the estate of Elias A. Bramlett, deceased, as party plaintiff." After the revivor the cause was tried by the presiding judge without a jury resulting in a judgment in favor of the plaintiff.

The object sought to be attained by the revivor was to prevent an abatement of the suit; to substitute as party plaintiff the person succeeding to the rights of the original plaintiff to the possession of the lands in controversy, and to allow such substituted plaintiff to recover, if entitled to, as if the action had been originally begun by him. After an order of revivor the person named therein becomes in legal effect the party plaintiff in the action; and so far as his right to maintain it is involved, he occupies the same position as if he had originally commenced it, and this is true without an amendment of the complaint. His character as plaintiff, whether that of an individual or as executor or administrator, must be determined upon the same principles had he begun the action. The revivor confessedly could have been made in the name of the personal representative of the deceased or his devisees. Code, § 38; *Pearson v. King,* 99 Ala. 125; 18 Ency. Pl. & Pr., 1125, 1126. In this case it was not made in the name of the personal representative, but in the name of L. W. Bramlett as an individual. The words in the order of revivor "executor," etc., immediately after the name of Bramlett are mere *descriptio personae* and the action was by him in his individual capacity and not as executor.—*Lucas v. Pittman,* 94 Ala. 616. Under the will of Elias A. Bramlett, the original plaintiff, he has no interest either as heir or devisee, in the lands sued for. He, therefore, should not have been allowed to recover them.

It is unnecessary to consider the exceptions reserved by defendants to the ruling of the court upon the other matters.

The judgment will be reversed and one will be here rendered in favor of the defendants.

Reversed and rendered.