[Bessemer Savings Bank v. Anderson.]

# Bessemer Savings Bank *v*. Anderson.

## *Action of Assumpsit.*

1. *Garnishment; liability of bank for paying out funds deposited.*
   Where a bank has been garnished and in its answer to the
   writ of garnishment it admits having in its possession cer-
   tain money deposited by defendant in the original suit and
   subsequently pays out the money to the garnishing creditor,
   and in payment of the costs of the court before a judgment
   is rendered against it in the garnishment proceedings, such
   bank makes the payment at its peril, and is thereby not dis-
   charged of liability for said fund to the original owner
   thereof.

2. *Same; same.*—Where, upon a judgment recovered against the
   defendant in a suit, a writ of garnishment is sued out and
   served upon a bank, which answers that it has in its hands
   a certain sum of money deposited by the defendant in said
   suit, but before making such answer the bank is notified by
   a third person that he claims the funds in its hands, it be-
   comes the duty of the garnishee to make known that it had
   been so notified of the claim of said third person to the fund
   or a part of it; and if the bank fails to do this and pays
   the money after notice of said claim, it does so at its peril.

3. *Trial and its incidents; failure to mark charge "given" not re-
   versible error.*—The mere fact that the trial judge does not
   mark "Given" on the charge which was given at the request
   of the plaintiff, does not constitute a reversible error, where
   the defendant does not direct the court's attention to the
   failure and takes no exception at the time; the failure of
   the judge to so mark the charge being considered, under such
   circumstances, a mere inadvertence.

APPEAL from the City Court of Bessemer.

Tried before the Hon. JAMES TROTTER, Special Judge.

This was an action of assumpsit brought by the ap-
pellee, M. E. Anderson, against the Bessemer Savings
Bank to recover a balance of a sum of money deposited
with the defendant by one R. W. Anderson, which bal-
ance was alleged to belong to the plaintiff. The facts
of the case are sufficiently stated in the opinion.

[Bessemer Savings Bank v. Anderson.]

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in her behalf. To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. Thereafter the defendant moved the court to grant it a new trial, upon the grounds that the verdict was contrary to the law and the evidence, that the court erred in giving the general affirmative charge in favor of the plaintiff, and "because the charge given to the jury was not signed by the judge and marked 'Given,' as required by law." This motion was overruled, and the defendant excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

PINKNEY SCOTT, for appellant, cited *A. L. G. L. Ins. Co. v. Mobile M. Ins. Co.*, 81 Ala. 329; *Tabler v. Sheffield L., etc., Co.*, 87 Ala. 305; *McTeers v. Perkins*, 106 Ala. 411; *Marx Bros. v. Lienkauff*, 93 Ala. 453.

WARD & DRENNEN, *contra.*—Ordinarily the bank is required to pay the checks drawn against a deposit by the person making it, until the fund is exhausted; but if the bank has notice that the money deposited really belongs to another person, then the payment of the checks of the depositor, after such notice, will be at the peril of the bank.—*Frazier v. Bank*, 8 Watts & Sergeants, 18; *Harrisburg Bank v. Tyler*, 3 Watts & Sergeants, 373; *Jackson v. Bank of the U. S.*, 10 Barr's Rep. 61; *Bank of Northern Liberties v. Jones*, 6 Wright 541; *Stair v. York Nat. Bank*, 5 P. F. Smith's Rep. 368; *Arnold v. Macungie Savings Bank*, 21 P. F. Smith's Reps. 290; *Armour-Cudahy Packing Co. v. First Nat. Bank of Greenville*, 11 So. Rep. (Miss.), 28; *First Nat. Bank and Banking*, §§ 341, 565, 590 *et seq.*

With the notice given it, it became the duty of the appellant to suggest the appellee as claimant to the fund, at the time of making its answer in the justice court of S. J. Tillman. A failure to do this was at its peril, and precluded appellee from asserting her claim to the

money in said justice court.—*Saller v. Ins. Co.*, 62 Ala. 22; *Moore v. Jones*, 13 Ala. 291; *Fowler v. Williamson*, 52 Ala. 16; *Ex parte Opdyke*, 62 Ala. 68; *Donald v. Nelson*, 95 Ala. 111; *Woodlawn v. Purvis*, 108 Ala. 511.

HARALSON, J.—R. W. Anderson was sued in the justice's court March 26, 1900, by J. H. Johnson, and judgment was rendered against him therein March 31, 1900, in favor of the plaintiff, for $57.51. To collect the debt, the plaintiff garnished the Bessemer Savings Bank. The garnishee, on April 5, 1900, appeared on summons, and answered an indebtedness of $410. It did not set up in its answer that the plaintiff in this suit claimed said fund. The proof, on the part of plaintiff showed, without dispute, that the garnishee was notified by the defendant, R. W. Anderson, and by the plaintiff, before it made answer to the garnishment writ, that $370 of the fund garnished belonged to the plaintiff. The garnishee, according to plaintiff's evidence, afterwards paid $310 to the plaintiff, leaving in its hands $60, which plaintiff claimed, and which this suit is brought to recover. The proof also showed, without conflict, that the money in the hands of the bank had been deposited therein by R. W. Anderson to his individual credit, but he and the plaintiff, his wife, both testified, and there is no proof to the contrary, that the money belonged to the plaintiff; and the proof also shows, without dispute, that when said R. W. Anderson made the deposits, he informed the cashier that the funds belonged to the plaintiff, except $40 of it.

It was also shown that proceedings in bankruptcy had been instituted in the United States bankrupt court against said R. W. Anderson, but that the same had been dismissed by the order of that court, on the 7th July, 1900, at said Anderson's cost. The proof also tends to show that these costs, amounting to $40.15, were paid to the clerk of that court by the garnishee, on the 12th July, 1900, but it is not shown that the same were paid by any judgment against the garnishee, nor by the order of said R. W. Anderson. It further appears that the garnishee paid to the justice of the peace in said garnishment proceedings against it, on the 10 July, 1900,

the sum of $59.85, these two amounts making $410, the sum admitted by garnishee to be in its hands belonging to said defendant R. W. Anderson, but it appears that no judgment in said justice's court had been rendered against garnishee for that, or any other sum, nor did it appear that the same was paid with the knowledge, or by the direction of the plaintiff, but the same was a voluntary payment so far as is made to appear

The plaintiff's evidence tended to show, that the $310 paid by the garnishee, after garnishment, out of the deposits made by the defendant, was paid to plaintiff. The president of the garnished bank testified, that it was paid to the husband of the plaintiff. But this is immaterial. There was left in the hands of the garnishee, without any question, the sum of $60, claimed by the plaintiff and here sued for. The garnishee admitted that it had $410 in its hands deposited there by defendant, and seeks to defend this suit on the grounds, that the money in its hands was not the money of plaintiff, and she has no right to sue for and collect the same, in any event; and that, the money paid to the justice of the peace in said garnishment proceeding, and the costs paid to the clerk of the United States court, in said bankruptcy proceeding, constitute a discharge of liability for said fund. But this defense cannot avail it. To protect it, the fund must have been paid on a judgment in garnishment rendered against it, or, as against the garnishor, that it was paid with her consent.—*Gunn v. Howell*, 35 Ala. 144; *Ross v. Pitts*, 39 Ala. 606; 8 Am. & Eng. Ency. Law 1197.

It is true, that when said R. W. Anderson deposited the money in bank to his individual credit, that fact, without more, showed, *prima facie*, that it belonged to him, but not conclusively so. If it really belongs to plaintiff, the fact that her husband, to whom she intrusted it, to be kept for her, deposited it in bank to his own credit, did not change her title to it. That it did belong to her, he and she both swear, and he, that he so notified the bank at the time he made the deposit, and there is no evidence to the contrary. It is also undisputed, that after the writ of garnishment was served,

and before the garnishee answered, garnishee was notified that plaintiff claimed $370 of the fund in its hand. It was the duty of the garnishee in making answer, to make known that it had been notified that plaintiff claimed the fund or a part of it in his hands, and if it failed and paid after notice of such claim, it did so at its peril. Such failure precluded plaintiff from asserting her claim to the fund in the justice's court.—*Lewin v. The Insurance Co.,* 62 Ala. 221; *Donald v. Nelson,* 95 Ala. 111; *Woodlawn v. Purvis,* 108 Ala. 513.

The mere fact that the trial judge did not mark "Given" on a charge which was requested by plaintiff and which was given, is not reversible error. The defendant did not direct the attention of the court to the failure, and took no exception at the time. For aught appearing, the failure of the judge to so mark the charge, was a mere inadvertence.—*Barnewall v. Murrell,* 108 Ala. 366.

Affirmed.