In the Matter of the Accounting of REBECCA A. R. BAREFIELD, as Administratrix of MARY E. ROSELL, Deceased, Appellant. DAVID H. ROSELL et al., Respondents.

1. REFEREE — APPOINTED BY SURROGATE UNDER CODE CIV. PRO. SECTION 2546 — REPORT IS NOT FINAL. The report of a referee, appointed by a surrogate, under section 2546 of the Code of Civil Procedure, to examine the account of an administratrix and to hear and determine the questions arising upon its settlement, is not final, but his conclusions are to be reported to the surrogate in aid of his decision and decree, which should be founded upon the law as applied to the evidence taken before the referee, and the surrogate may confirm, modify or reject the report; his decree is the first binding adjudication, and from it only can an appeal be taken.

2. APPEAL — PRESUMPTION THAT REVERSAL IS UPON THE LAW. Where a surrogate's decree is reversed by the Appellate Division by an order which does not disclose that the reversal is upon a question of fact, it must be presumed that it is upon the law and that all the facts warranted by the evidence and necessary to support the decree are found by the surrogate.

3. TRUST — WHEN DEPOSIT IN SAVINGS BANK IN NAME OF ONE PERSON IN TRUST FOR ANOTHER DOES NOT CREATE IRREVOCABLE TRUST. Where moneys were deposited in savings banks by a daughter in her name as trustee for her mother, while the latter was living, it is not necessary to determine, upon an accounting of the daughter as administratrix of her mother's estate, whether the evidence furnished by the

bank books, standing alone, creates a valid and irrevocable trust, where the uncontradicted evidence is that the moneys deposited were the moneys of the daughter; that she opened the accounts personally, took the bank books and retained them until after the death of her mother; such evidence justifies the conclusion that the daughter had no intention, in making the deposits, to give the money to her mother, especially where there is evidence of repeated declarations by the mother that she had no property to will and that she had given all she had to her daughter.

4. When Possession of Savings Bank Book, with Order to Withdraw Amount Due Thereon, Constitutes Gift Thereof. Where the mother, in her lifetime, had deposited money in a savings bank in her own name, and there is uncontradicted evidence of the delivery of the bank book to the daughter, with a written order signed by the mother directing the bank to pay to the daughter the amount and interest due on the book, together with evidence of exclusive possession by the daughter of the book and order for fourteen years, such evidence is sufficient to support a finding that the daughter obtained title to the book and account by gift.

5. Appeal — When Reversal of Conclusion of Surrogate and Finding Implied Therein Is Not a Reversal upon the Facts. A finding that a joint account of the mother and daughter in a savings bank belongs to the daughter, individually, is not reversed as to the facts where the order of reversal shows that the Appellate Division reversed upon the law, and the Court of Appeals has only to inquire whether there is evidence in the record which supports the finding; and where the record shows that the daughter testified that the book was hers, that she personally deposited the money and that it was her money, the surrogate was authorized, if he believed this testimony, in decreeing that the money belonged to her and that the estate had no interest in it.

*Matter of Barefield,* 82 App. Div. 463, reversed.

(Argued January 4, 1904; decided February 16, 1904.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 24, 1903, which reversed a decree of the Kings County Surrogate's Court settling the accounts of Rebecca A. R. Barefield, as administratrix of the estate of Mary E. Rosell, deceased.

The facts, as far as material, are stated in the opinion.

*Benjamin F. Tracy* and *F. W. Catlin* for appellant. The reversal of the surrogate's decree having been on a question of law, there being no dispute as to the facts, the only ques-

tion before this court is whether the surrogate drew the correct legal conclusion from the facts disclosed upon the hearing, and unless error was committed by him in this respect, the reversal of his decree by the Appellate Division will not be sustained. (*Matter of Keefe*, 164 N. Y. 352; *Matter of Clark*, 119 N. Y. 427; *Matter of Hale*, 45 App. Div. 378; Code Civ. Pro. § 1338; *Matter of Huston*, 102 N. Y. 157; *Fritz* v. *Tompkins*, 168 N. Y. 528; *Griggs* v. *Day*, 158 N. Y. 1; *Wetmore* v. *Wetmore*, 162 N. Y. 503; *F. N. Bank* v. *Chalmers*, 144 N. Y. 432; *Ogden* v. *Alexander*, 140 N. Y. 356.) The positive evidence as to the declarations of the administratrix and as to the situation of the parties was amply sufficient to sustain the findings and decision that the administratrix did not part with or intend to part with her title to the moneys deposited by her in trust in the various savings bank accounts. (*F. N. Bank* v. *Chalmers*, 144 N. Y. 432; *Trustees, etc.,* v. *Ritch*, 151 N. Y. 282; *Beaver* v. *Beaver*, 117 N. Y. 421; *Matter of Keefe*, 164 N. Y. 352.) That part of the decree entered by direction of the Appellate Division charging the administratrix with the proceeds of the account in the Bank for Savings in the name of Mary F. Rosell should be reversed. (*Matter of Keefe*, 164 N. Y. 352; *Wetherow* v. *Lord*, 41 App. Div. 413; *Pierce* v. *B. S. Bank*, 129 Mass. 425; *Ridder* v. *Thrall*, 125 N. Y. 572.) That part of the decree charging the administratrix with one-half of the proceeds of the joint account in the Kings County Savings Institution should be reversed. (*Mulcahey* v. *Savings Bank*, 89 N. Y. 436; *Platt* v. *Grubb*, 41 Hun, 447; *Wetherow* v. *Lord*, 41 App. Div. 413.)

*Richard T. Greene* for respondent. The unanimous decision of the Appellate Division that there is evidence supporting or tending to support the findings of fact by the referee precludes this court from reviewing the order and decree appealed from. (Code Civ. Pro. § 191; *Farleigh* v. *Cadman*, 159 N. Y. 169; *Reed* v. *McCord*, 160 N. Y. 330; *Baird* v. *Mayor, etc.*, 96 N. Y. 567.) The administratrix

was properly charged with the amount of the trust accounts. (*Cunningham* v. *Davenport*, 147 N. Y. 43 ; *Martin* v. *Funk*, 75 N. Y. 134; *Bishop* v. *Seaman's Bank*, 33 App. Div. 181; *Robertson* v. *McCarthy*, 54 App. Div. 103 ; *Meislahn* v. *Meislahn*, 56 App. Div. 566; *Robinson* v. *Appleby*, 69 App. Div. 509; *Farleigh* v. *Cadman*, 159 N. Y. 169.) The administratrix was properly charged with one-half of the joint account. (*Matter of Bolin*, 136 N. Y. 177.) The administratrix failed to establish her individual claim to ownership of the savings banks accounts by virtue of gifts *inter vivos* or *causa mortis*. (*Martin* v. *Funk*, 75 N. Y. 134; *Willis* v. *Smyth*, 91 N. Y. 297; *Matter of Bolin*, 136 N. Y. 177; *Conklin* v. *Conklin*, 20 Hun, 278; *Grey* v. *Grey*, 47 N. Y. 552; *Matter of Manhart*, 17 App. Div. 1; *Gerry* v. *Howe*, 130 Mass. 350; *Snook* v. *Sullivan*, 53 App. Div. 602; *Matter of Taber*, 30 Misc. Rep. 172; *Jones* v. *Perkins*, 29 App. Div. 37.)

PARKER, Ch. J. The matter of the judicial settlement of the account of Rebecca A. R. Barefield, as administratrix of the estate of Mary E. Rosell, deceased, coming on before the surrogate of Kings county, he appointed a referee under section 2546 of the Code of Civil Procedure, to examine the account and to hear and determine the questions arising upon its settlement. The referee's report comprises the evidence taken; certain formal findings of fact, as to which there was no dispute; an enumeration and description of five bank accounts and the dates at which they were closed by the administratrix; and his conclusions of law which are practically a restatement of the facts about these bank accounts in the form of schedules, as a result of which he charges the accounting administratrix with the amount of the bank accounts.

On the motion to confirm the referee's report the surrogate came to an entirely different conclusion as a result of his examination of the testimony. In his opinion he discusses fully the law and the facts, disclosing the reasons that led him

to the conclusion from the undisputed facts that the amount of the bank accounts belonged to Mrs. Barefield individually, both before and after deposit. The decree does not contain specific findings of fact, but states the conclusions to which he had arrived.

While some doubt has been expressed as to the effect of the report of a referee appointed in pursuance of section 2546, it is now settled that the report is subject to confirmation, modification or rejection by the surrogate. Indeed, we hold in *Matter of Clark* (168 N. Y. 427) that notwithstanding the last clause — which provides that the report shall be deemed confirmed unless acted upon by the surrogate within 90 days after it has been submitted to him — the report is not self-executing, and the surrogate has the right, and it is his duty, to act upon it after the expiration of such period if he has not done so before. The court says in that case (168 N. Y. 427, 433): "We think the section was not intended to deprive the parties of their right to the judicial action of the surrogate, but that its obvious purpose was to expedite decisions in this class of referred cases and to provide a means by which any interested party could enforce promptness of action."

The referee's report, therefore, is not final. His conclusions must be deemed to be reported to the surrogate in aid of his decision and decree, which should be founded upon the law as applied to the evidence taken before the referee. The decree is the first binding adjudication, and from it only can an appeal be taken.

This decree was reversed by the Appellate Division by an order which does not disclose that the reversal is upon a question of fact, and in such case it must be presumed that it is upon the law. (*Matter of Keefe*, 164 N. Y. 352.)

We are thus brought to the question, whether the decree has such support in the undisputed facts as entitles it to stand. For where the decision of the trial court does not separately state the facts found, and the order of the Appellate Division does not state that the reversal is upon a ques-

tion of fact, it must be presumed that all the facts warranted by the evidence and necessary to support the judgment are found by the trial court. (*People* v. *Adirondack Ry. Co.*, 160 N. Y. 225 ; *Gannon* v. *McGuire*, 160 N. Y. 476.)

We shall first take up the three deposits — in the Seaman's Bank, the Greenwich Savings Bank and the Bowery Savings Bank — in the name of " Rebecca A. R. Barefield in trust for Mary E. Rosell."

It is not necessary to determine whether the evidence furnished by such bank books, standing alone, creates a valid and irrevocable trust, for that is not this case. The uncontradicted evidence is that the moneys deposited were Mrs. Barefield's ; that she opened the accounts personally, took the bank books and retained them until after the death of Mrs. Rosell. And Mrs. Barefield in her testimony in various places distinctly claims such accounts as her own. She testifies : " The account was mine. * * * Absolutely my own account. * * * They were my private affairs." The record contains no suggestion of any change in the accounts nor in her intention. The surrogate was justified, therefore, in reaching the conclusion to which he gave expression in his opinion that it was " the positive testimony * * * that there was no intention to give this money to the beneficiary."

A further circumstance bearing upon the question of whether she intended to create a trust is to be found in the testimony of Mrs. Rosell's physician, who says : " I had repeated conversations with her about her property. She was very sick with pneumonia. I told her if she had any business to transact she had better transact it now. She told me she had no business ; that she had attended to all such affairs. She said, I have given all to my only child, my daughter. I I have no will to make. I have nothing to will." She was then living with her daughter, and had been for many years. Her repeated declarations that she had given everything to her daughter, which her daughter well knew, present a still further circumstance in support of the daughter's claim that she had no intention of creating a trust, for why should she

create a trust for her mother when she knew that all that her mother had was given to her.

This testimony, with the facts before alluded to, furnishes sufficient support for the finding the surrogate must be presumed to have made — in view of the character of the decree — that Mrs. Barefield had no intention of creating a trust for her mother, and brings this case clearly within *Cunningham* v. *Davenport* (147 N. Y. 43), referred to in the surrogate's opinion. In that case a depositor opened an account in a savings bank in his own name. Afterward he changed it to his own name in trust for his brother. The brother died. Three days later the depositor changed the account back to his own name. He at all times held the bank books; the brother was not informed of the account, and the depositor denied the trust, claiming never to have intended to part with the money, although giving no reason for opening the account in trust. This court holds that the transaction did not create a trust, and that decision justifies the surrogate in holding that, in the light of the facts here, no trust was created.

The Appellate Division also reverses that portion of the decree which adjudges that the account in the Bank for Savings in the name of Mary E. Rosell belongs to Mrs. Barefield. In adjudging that the administratrix shall not account therefor, the surrogate necessarily finds that it did not belong to Mrs. Rosell at her death, and an examination of the record satisfies us that there is evidence to support that implied finding.

Mrs. Barefield testifies that the bank book came into her possession in 1884, together with the following order on the bank: "Please pay to my daughter the amount and interest due me on book No. 476,029. Mary E. Rosell." Thereafter the book and order continued in her physical possession.

Edward Barefield testifies that he saw this book and order in Mrs. Rosell's lifetime, and she informed him that the money was Mrs. Barefield's, adding, "I have given it to her and I have given the bank book to her."

This is corroborated by Mrs. Rosell's physician, to whom

she declared just before her death that she had given everything to her daughter. To the same general effect is the testimony of Mrs. Jeffrey.

Here then is evidence of a delivery of the book to the daughter with written authority for her to withdraw the account and interest, together with evidence of exclusive possession on her part of book and order for 14 years. This evidence is uncontradicted, and is certainly sufficient to support a finding by the surrogate that Mrs. Barefield obtained title to the book and account by gift.

The remaining item in dispute is the joint account of Mrs. Rosell and Mrs. Barefield in the Kings County Savings Institution, which the surrogate also holds belongs to Mrs. Barefield individually.

As to that item counsel for respondent correctly says that the question is purely one of fact, but incorrectly — for reasons already pointed out — asserts that the Appellate Division decided adversely to the surrogate as to the facts. The form of the order shows that the Appellate Division reversed upon the law, and hence we have only to inquire whether there is evidence in the record which supports the finding, necessarily implied in the surrogate's decision, that the book and account belong to Mrs. Barefield.

She testifies that the book was hers, that she personally deposited the money and that it was her money. If the surrogate — as he had the right to — believed this testimony, he was authorized in decreeing that the money belonged to her, and that the estate had no interest in it. (*Mulcahey* v. *Emigrant Ind. Savings Bank*, 89 N. Y. 435.)

The order should be reversed, and the decree of the surrogate affirmed, with costs to both parties payable out of the estate.

BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur; O'BRIEN, J., absent.

Order reversed, etc.