UNITED STATES v. LEARY.

(Supreme Court, Appellate Division, First Department.	June 3, 1910.)

REFERENCE (§ 85*)—REPORT—FINDINGS AND CONCLUSIONS.

Though the surrogate may confirm, modify, or reject the report of a referee appointed under Code Civ. Proc. § 2546, to hear and determine questions arising upon the settlement of an account of an administratrix, the report on such an order should contain findings of fact and conclusions of law.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 131; Dec. Dig. § 85.*]

Appeal from Surrogate's Court, New York County.

In the matter of the petition of the United States of America to obtain leave to issue execution against Mary C. Leary, administratrix of the estate of James D. Leary. From an order denying a motion for an order remitting a referee's report to him for amendment, defendant appeals. Reversed and remitted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

David McClure, for appellant.

William L. Wemple, for the United States.

MILLER, J. The United States of America, having recovered a judgment against the appellant, petitioned the Surrogate's Court of New York county for leave to issue execution. Thereupon the surrogate directed the appellant to file an intermediate account. Such account was filed, and the United States filed objections thereto. Thereupon an order was made referring the matter to a referee—

"to inquire into the necessary jurisdictional facts, to examine said account and objections, to hear and determine all questions arising upon the settlement of such account, which the surrogate has power to determine, and to make report to the court with all convenient speed."

The referee made a report, which did not separately state and number findings of fact and conclusions of law, but merely ruled on the various objections interposed by the respondents. The learned surrogate held that, notwithstanding the terms of the order, the reference was made solely for the purpose of informing the court, and that in such case a decision containing findings of fact and conclusions of law was unnecessary.

No doubt a reference might have been ordered solely for the purpose of informing the court, but the reference was in fact one to hear and determine, as provided by section 2546 of the Code of Civil Procedure. Although the surrogate may confirm, modify, or reject the report (Matter of Barefield, 177 N. Y. 387, 69 N. E. 732, 101 Am. St. Rep. 814), the report on such an order of reference as was made in this case should contain findings of fact and conclusions of law (Matter of Schroeder, No. 2, 113 App. Div. 221, 99 N. Y. Supp. 174).

In this case the appellant promptly moved. No one can be harmed by a report containing findings of fact and conclusions of law sep-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

arately stated and numbered. Without it the appellant may be unable sharply to define the precise point which she may wish to present on appeal.

The order should therefore be reversed, with $10 costs and disbursements, and the proceeding remitted to the surrogate, to require a report to be made by the referee in accordance with the views herein expressed. All concur.