163 So. 624

## GARRISON v. FIRST NAT. BANK OF BIRMINGHAM.

### 6 Div. 719.

Supreme Court of Alabama.

June 13, 1935.

Rehearing Denied Oct. 17, 1935.

J. L. Drennen and Fred G. Koenig, both of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The answer of the garnishee is somewhat confusing as to an indebtedness to the defendant, C. W. Greer. It sets up a joint deposit by Greer and his wife with the authority to either one to draw on the deposit. The answer also has the following recital: "Garnishee further says that it has been notified that Mrs. Charles W. Greer claims title to or an interest in the said deposit of money, reference to which is set forth above, and suggests the said Mrs. Charles W. Greer as a claimant of said funds."

The clerk, acting upon the above-quoted clause, issued on July 26, 1934, notice to Mrs. Greer to appear and propound her claim. This notice was served upon Mrs. Greer July 30, 1934.

On October 30, 1934, Mrs. Greer interposed the following claim: "Comes Mrs. Charles W. Greer as claimant, in the above styled cause and says that she has no right to the money or property in the hands of the garnishee for herself alone, but that she is a joint tenant of the money on deposit with the garnishee, together with Charles W. Greer."

It further appears on page 18 of the record that the claim of Mrs. Greer was withdrawn on November 15, 1934.

Just what steps the parties should have then taken we are not called upon to decide, and can only deal with the issue as made and presented upon this appeal.

It appears that on August 4, 1934, the plaintiff interposed a contest to the answer of the garnishee and issue was joined on said contest August 15, 1934. The contest was then set down for hearing upon motion of the garnishee. On November 22d the garnishee filed a motion to quash the contest upon grounds set out in the motion, and the trial court sustained said motion and discharged the garnishee.

While the motion to quash the contest contains several paragraphs, each one seems to be predicated upon the insufficiency of the affidavit of contest.

Section 8076 provides for a contest by the plaintiff of the answer by making oath by the plaintiff or his attorney, at the term the answer is made, that "he believes it to be untrue." Thereupon an issue is made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue. Here the contest would have been sufficient by the averment that the plaintiff or his attorney believed the answer to be untrue, but the mere fact that it further stated, while not necessary, the respect in which it was not true, did not render the contest subject to be quashed, and the trial court erred in sustaining the motion to quash the contest and in rendering a judgment discharging the garnishee. Moreover, the plaintiff should have been permitted to amend the affidavit. True, the request to do so did not come until after the ruling on the motion to quash and the rendition of the judgment of discharge, but the record shows that the judgment was contemporaneous with or so closely followed the ruling on the motion to quash that the plaintiff's offer to amend was made as soon as possible.

It seems to be well settled that the ownership of a bank deposit may be shown to be different from the apparent ownership imported by the bank book. Barefield v. Rosell, 177 N. Y. 387, 69 N. E. 732, 101 Am. St. Rep. 814; Stair v. York National Bank, 55 Pa. 364, 93 Am. Dec. 759; Murphy v. Bordwell, 83 Minn. 54, 85 N. W. 915, 52 L. R. A. 849, 85 Am. St. Rep. 454.

And this is the evident purpose of this contest.

As we view this case, the only issue properly involved upon this appeal is the one above dealt with, but counsel for appellee, in argument, insist that the answer discloses a joint ownership of the deposit, and it is not therefore subject to a garnishment upon a suit against only one of the joint owners. As to this, the authorities seem to be divided, but the contest is for the evident purpose of traversing a joint ownership. Moreover, accepting the answer on its face, it seems to disclose a joint and separable ownership of the deposit, as it authorizes either Greer or his wife to check on the deposit separately and severally.

The judgment of the Circuit Court is reversed, and the cause is remanded.

Opinion modified and rehearing denied.

THOMAS, BROWN, and FOSTER, JJ., concur.