168 So. 702

### FIRST NAT. BANK OF ASHFORD v. GAINES.

### 4 Div. 256.

Court of Appeals of Alabama.

June 2, 1936.

192

H. R. McClintock, of Dothan, for appellant.

F. M. Gaines, of Dothan, pro se.

SAMFORD, Judge.

On the 23d day of February, 1935, the plaintiff obtained a judgment against J. L. Sinquefield, in the circuit court of Houston county, in the sum of $1,000 and costs of court, and on the 27th day of February, 1935, obtained a garnishment directed to the Farmers & Merchants Bank, Ashford, Ala., to which writ of garnishment the garnishee, Farmers & Merchants Bank, made answer that it was indebted to the said J. L. Sinquefield, defendant in execution, in the sum of $110 and that it was not indebted to him otherwise.

On April 2, 1935, the garnishee filed a supplemental answer in which it set forth the following facts: "The said J. L. Sinquefield, prior to the service of the garnishment writ in said cause, came to the Farmers & Merchants Bank, and advised the Cashier thereof that he had given two checks upon said Bank, aggregating a certain sum, and inquired if he had a sufficient amount of money on deposit to pay same. The Cashier of said Bank advised him that his balance on deposit was insufficient to pay the amount covered by said checks. After the said J. L. Sinquefield was so advised, he deposited with the Farmers & Merchants Bank the necessary sum of money and requested that the two checks be paid upon presentation."

In said supplemental answer, the garnishee gave notice that claimant, F. M. Gaines, claims said funds. On these answers and the suggestion of Gaines, as claimant, issue was made up by the court, sitting without a jury, and, the evidence being considered by the court, judgment was rendered in favor of claimant. On the introduction of testimony, there were several objections and exceptions relating to a check for $110 drawn by Sinquefield on the First National Bank of Ashford, but, as we read this record, the rulings of the court on the admission of this testimony are not necessary here to be considered, in view of the fact that the undisputed evidence in the case discloses the transaction between the parties in such manner as to bring the entire question before this court.

It appears from the record that the First National Bank obtained the judgment against Sinquefield and upon said judgment procured a writ of garnishment against the Farmers & Merchants Bank, where Sinquefield had deposited $165.25, and against which he had given a check for $55.25, leaving a balance of $110. As to this balance of $110 he had given to the claimant, Gaines, a transfer in words and figures as follows, to-wit: "For value received, I hereby transfer and assign to F. M. Gaines, all of my deposit account in the Farmers &

Merchants Bank of Ashford, Alabama, which amounts on this day to approximately $110.00. This the 19th day of February, 1935. (Signed) J. L. Sinquefield."

It further appears from the evidence, without dispute, that Sinquefield had on deposit with the Farmers & Merchants Bank $149.46, and on the 20th day of February he deposited $15.79, making a total of $165.25, and notified the cashier of the Farmers & Merchants Bank that he had drawn two checks, aggregating that amount, one for $55.25 to the First National Bank of Dothan and the other is the $110 here in controversy, but for which no check was ever drawn.

 It will therefore be seen that the decision of this case turns upon the validity of the transfer made by Sinquefield on the 19th day of February, 1935. There can be no doubt that Sinquefield had the right to transfer his deposit in the Farmers & Merchants Bank of Ashford to this claimant, subject only to the intervening rights of creditors or innocent transferees for value. We agreed to the proposition as decided in Alexander v. Pollock, 72 Ala. 137, that it is the settled doctrine in this state that only such moneyed demands can be subjected to garnishment, as the defendant can in his own name recover in an action of debt, or indebitatus assumpsit. It is also held in that case that, when the defendant has no such cause of action, the plaintiff in the process can assert no better right unless he can show some fraud or collusion by which his legal rights are prejudiced.

 It might be true, as contended by appellant, that a check drawn by Sinquefield on the Farmers & Merchants Bank, payable to some third party, would have defeated claimant in any demands which he might have made against the bank. Nonetheless, Sinquefield would have had no right to have given such check, and, while the bank would be protected as an innocent party because the claimant had not filed or notified it of the transfer, the transfer was complete upon its delivery to the claimant by Sinquefield and upon its face shows a valuable consideration.

There is no evidence in this case of any fraud or collusion in the procurement of this transfer, in the absence of which the court properly found in favor of the claimant.

We find no error in the record, and the judgment is affirmed.

Affirmed.