180 So. 548
**GLADDEN v. COLUMBIANA SAV. BANK.**
**6 Div. 282.**

,Supreme Court of Alabama.
April 14, 1938.

M. B. Grace, of Birmingham, for appellant.

Paul O. Luck, of Columbiana, for appellee.

THOMAS, Justice.

The appeal is on the record in garnishment proceedings before the circuit court.

The demurrer was sustained to "tender of issue by separate paper filed," and as last amended. Said demurrer was sustained on

the grounds that same fails "to aver that garnishee had notice or knowledge that said funds were the individual funds of the said Mack D. Messer. * * *" The record recites that thereupon "plaintiff takes a voluntary nonsuit on account of adverse rulings of the court, and moves the court for an order accordingly." The court then ordered that a nonsuit be entered, garnishment was dismissed, and the garnishees discharged. The plaintiff was taxed with the costs. This was the final judgment from which the appeal was taken. First National Bank v. Garrison, Ala.Sup., 177 So. 631 [1]; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Steiner Bros. v. First National Bank of Birmingham, 115 Ala. 379, 22 So. 30; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

█ It is appealable under the statute, Code 1923, § 6431, as on the trial of the cause a voluntary nonsuit was taken for adverse rulings. The only source of such right of appeal from a judgment of nonsuit, voluntarily taken, is found in the foregoing statute. Corn Products Refining Co. v. Dreyfus Bros., 3 Ala.App. 529, 57 So. 517.

█ The plaintiff had judgment against defendants; the garnishment issued on said judgment which was served and answered and a demand was made for oral answer and issue of fact tendered. This constituted a suit and pleadings within the statute. Section 6431, Code of 1923; First National Bank of Birmingham v. Garrison, supra.

██ It has been declared that a bill of exceptions is not necessary on appeal from nonsuit superinduced by adverse rulings on demurrer to pleading. Brasher v. First National Bank of Birmingham, 232 Ala. 340, 168 So. 42. The appeal is, therefore, entertained, and the record considered to review the rulings on demurrers to the pleading and the issue of fact tendered.

██ Many decisions of this court are to the effect that the use of the words "clerk, agent or executor" after the name of a depositor is merely descriptio personae and does not change the character of the deposit from that of an individual to that of a trust as a fiduciary deposit. Enzor v. State, 27 Ala.App. 60, 167 So. 336, certiorari denied 232 Ala. 256, 167 So. 340; Ferrell v. Ross, 200 Ala. 90, 75 So. 466; Jenkins v. Bramlett, 131 Ala. 597, 32 So. 575; Lowery v. Daniel, 98 Ala. 451, 13 So. 527; Pearson v. King, 99 Ala. 125, 10 So. 919. It follows that prima facie the law presumes from such deposit that it belonged to the person, firm, or corporation in whose name it was deposited and entered. Bromberg et al. v. First Nat. Bank of Mobile, Ala.Sup., 178 So. 48 [2]; Bessemer Savings Bank v. Anderson, 134 Ala. 343, 32 So. 716, 92 Am.St.Rep. 38. That is to say, if the depositor may maintain an action against the bank in debt or assumpsit, based on the deposit, it is subject to garnishment; that is, if shown to be due absolutely and without contingency, on the trial that in truth and in fact it was trust funds, or that of the individual not subject to a trust. Sloss et al. v. Glaze, 231 Ala. 234, 164 So. 51; Pettus v. Dudley Bar Co., 218 Ala. 163, 118 So. 153; First Nat. Bank v. Gaines, 27 Ala. App. 191, 168 So. 702; Alexander v. Pollock, 72 Ala. 137; Jones' Adm'r v. Crews, 64 Ala. 368; Feore v. Mississippi Transp. Co., 161 Ala. 567, 49 So. 871; Roman v. Dimmick, 123 Ala. 366, 26 So. 214; Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am.St. Rep. 27.

██ In such a case as the one presently before us, the plaintiff in judgment may contest the answer of the garnishee by making oath that he believes the answer to be untrue, whereupon the issue is made up under direction of the court and in which the plaintiff must allege in what respect the answer is untrue. Garrison v. First Nat. Bank, 231 Ala. 71, 163 So. 624. As tested by demurrer to the tender of issue by the plaintiff, the court required the plaintiff to "aver that the garnishee had notice or knowledge that said funds (on deposit) were the individual funds of the said defendant Mack D. Messer." For this burden of pleading, superinduced by the court and imposed on plaintiff in garnishment, a voluntary nonsuit was asked and ordered and the garnishee discharged. In this the trial court was in error.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] Ante, p. 94.

[2] Ante, p. 226.