193 So. 185

**GLADDEN v. COLUMBIANA SAV. BANK.**

**6 Div. 462.**

Court of Appeals of Alabama.

Oct. 3, 1939.

Rehearing Denied Oct. 31, 1939.

Paul O. Luck, of Columbiana, for appellee.

M. B. Grace, of Birmingham, for appellant.

RICE, Judge.

A few principles of the law governing the disposition of this appeal may well here be set down, towit:

1. "The relative rights of the plaintiffs and of the garnishee depend upon the status existing when the writ of garnishment was served." Bloch Bros. v. Liverpool & London & Globe Ins. Co. et al., 208 Ala. 523, 94 So. 562, 564.

2. "If a garnishee * * * relies on a general denial of indebtedness, and an issue is formed contesting his answer, on the trial of such issue * * * The only fact in issue is, whether when the garnishment was served, or at the time of answer [or at any intervening time, we interpolate], there was an indebtedness contracted by the garnishee to the defendant, of which the defendant was, when it was contracted, *the real beneficial owner."* (Italics supplied by us.) Fowler v. Williamson, Garnishee, 52 Ala. 16.

3. It is true that when Mack D. Messer, appellant's "judgment debtor" in this case, deposited the money in appellee's bank to his individual credit—the deposit standing in the name of "Mack D. Messer, Agent" (Gladden v. Columbiana Sav. Bank, 235 Ala. 541, 543, 180 So. 548) —that fact, without more, showed prima facie, that it belonged to *him,* but not conclusively so. If it really belonged to his wife, the fact that her husband, to whom she entrusted it, deposited it in (the) bank to his own credit, did not change her title to it. Bessemer Savings Bank v. Anderson, 134 Ala. 343, 32 So. 716, 92 Am.St. Rep. 38.

4. Where a post master had two bank accounts, one in his own name in which he deposited his individual funds, and another, in his name with the initials "P. M." attached, in which he deposited the government funds, an attaching creditor could not reach the funds of the government held in the name of the post master, notwithstanding the post master could, in his own name, have recovered those funds in an action against the bank, since such recovery would have been for the benefit or the use of the government. Allen v. Woodruff, 2 Ala.App. 415, 56 So. 247.

5. "It is a general rule in garnishment that the plaintiff can obtain no greater beneficial relief against the garnishee than the judgment debtor would be entitled to, and that if the debtor's *recovery would be limited to a mere legal title, without beneficial interest or right of enjoyment in himself,* the proceeding must fail. A judgment creditor cannot have his debt satisfied out of property held in trust for another, *no matter how completely his debtor may have exercised apparent owner-*

*ship over it,* unless it was upon the faith of such ownership that the credit was given." (Italics supplied by us.) Sloss et al. v. Glaze, 231 Ala. 234, 164 So. 51, 53.

Appellant held a judgment against Mack D. Messer, and instituted garnishment proceedings on same against appellee. Appellee answered not indebted; and appellant contested this answer, her "tender of issue" being set out in the report of this case on the first appeal—this being the second—which was transferred to the Supreme Court. See Gladden v. Columbiana Sav. Bank, 235 Ala. 541, 180 So. 548.

After appellant's tender of issue had been held sufficient on the former appeal, appellee stood on its general denial of indebtedness, and the cause proceeded to trial.

In such case, the law seems to be, clearly, as set out hereinabove, viz.: "The only fact in issue is, whether when the garnishment was served, or at the time of the answer [or at any intervening time], there was an indebtedness contracted by the garnishee to the defendant, of which the defendant was, when it was contracted, *the real beneficial owner."*

And upon this issue we can see no valid objection to the allowance of testimony brought forward on the trial by appellee tending to show that the wife of Messer, the defendant, was *the real beneficial owner* of the money shown to be on deposit in appellee bank to the credit of "Mack D. Messer, agent." And we hold the trial court did not err in admitting same.

All the line of cases cited by appellant to the effect that where there had been an "assignment" of the funds in the hands of the garnishee Code, Section 8079, must be complied with before such testimony is admissible seem to us to be beside the point. Here there was no "assignment;" but the simple question was as to whether or not Mack D. Messer, in whose name as "Agent" the deposit stood, was the *"real beneficial owner"* of the funds involved.

No other question is presented for our consideration. So it results the judgment must stand affirmed.

And it is so ordered.

Affirmed.